UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
MAY - 1 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

| | | |
|---|---|---|
| STEPHEN M. BEVERLY, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:07cv469 |
| WAL-MART STORES, INC., | | |
| Defendant. | | |

| | | |
|---|---|---|
| STEPHEN M. BEVERLY, *et al.*, | | |
| Plaintiffs, | | |
| v. | | Civil Action No. 3:07cv541 |
| CHOICEPOINT INC., *et al.*, | | |
| Defendants. | | |

## ORDER

WHEREAS the Plaintiffs, by counsel, have alleged that the Defendants, Wal-Mart Stores, Inc. ("Wal-Mart") and ChoicePoint Workplace Solutions Inc. ("ChoicePoint") have failed to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, with respect to its business of providing of consumer reports for employment purposes; and

WHEREAS the Plaintiffs have alleged specifically that the timing by which Wal-Mart, by its agent ChoicePoint provides employee applicants the notices required by 15 U.S.C. § 1681b(b)(3)(A) fails to comply with the FCRA; and

WHEREAS, the Court upon denial of a dispositive motion prosecuted by Wal-Mart recognized that the Plaintiffs' claim may have legal validity; and

WHEREAS, ChoicePoint and Wal-Mart, while each denying that either has violated the FCRA, recognize the need for greater clarity as to the requirements of the FCRA, 15 U.S.C. § 1681b(b)(3)(A) as to the timing of their mailing of the notices required therein.

THEREFORE, pursuant to the agreement and consent of the parties, and upon its own consideration and disposition, the Court hereby FINDS and ORDERS as follows:

1. Pursuant to 15 U.S.C. § 1681b(b)(3)(A), the FCRA requires a person using a consumer report for employment purposes who is intending to take any adverse action based in whole or in part on the report, before taking such adverse action, to provide to the consumer a copy of the report and a description in writing of rights as prescribed by the Federal Trade Commission under 15 U.S.C. § 1681g(c)(3). For purposes of this Order, the notice required by 15 U.S.C. § 1681b(b)(3)(A) shall be referred to as the "Preadverse Action Notice."

2. Pursuant to 15 U.S.C. § 1681m, the FCRA requires a person taking adverse employment action based in whole or in part or a consumer report to provide a notice of such adverse action. For purposes of this Consent Order, the notice required by 15 U.S.C. § 1681m shall be referred to as the "Adverse Action Notice." This Consent Order does not relate to other forms of adverse action notice required by the FCRA.

3. ChoicePoint mails by first class U.S. Mail, postage prepaid, Preadverse Action Notices and Adverse Action Notices as a service to its customers who are using consumer reports for employment purposes.

4. This Court has ruled that under 15 U.S.C. § 1681b(b)(3)(A) that a "reasonable period" must elapse between the sending of the Preadverse Action Notices and the taking of adverse action.

2

5. To the extent that ChoicePoint's mailing of Adverse Action Notices constitutes the adverse action by an employer, the Parties have agreed that it is appropriate that an Order be entered clarifying the "reasonable" time period that should elapse between ChoicePoint's mailing of the Preadverse Action Notices and the Adverse Action Notices.

6. Consistent with this Court's previous ruling dated January 11, 2008, within a reasonable period of time after entry of this Order, ChoicePoint shall conform its business practices so that the mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Preadverse Action Notices. For purposes of clarity, the five-day period shall not include the day of the mailing of the Preadverse Action Notices, but shall include the day of mailing of the Adverse Action Notices.

8. The Court finds that the procedures set forth herein comply with 15 U.S.C. § 1681b(b)(3)(A).

/s/
Richard L. Williams
United States District Judge

Date: MAY - 1 2009

3