IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JASON DAVID BROWN, <br> LASZLO BOZSO, and <br> MERIS DUDZIC, individually and on <br> behalf of others similarly situated, <br><br> *Plaintiffs*, <br><br> vs. <br><br> LOWE'S COMPANIES, INC., and <br> LEXISNEXIS SCREENING SOLU- <br> TIONS, INC., <br><br> *Defendants*. | Case No. 5:13-cv-00079-RLV-DCK |

**Reply Brief in Support of Defendant LexisNexis Screening
Solutions, Inc.'s Partial Motion to Dismiss**

The Court should dismiss Count 2 (as to Plaintiff Meris Dudzic and the putative class) and Count 3 (as to all Plaintiffs and the putative class) of Plaintiffs' Complaint because the factual allegations supporting these claims are fatally deficient. This Reply Brief addresses certain specific arguments raised by Plaintiffs in their opposition brief.

1

## ARGUMENT & CITATION OF AUTHORITY

I. **Even considering the stringent standard by which courts adjudge motions to dismiss, Plaintiffs still fail to state a legally cognizable claim under Section 1681k(a) (Count 2).**

Plaintiffs' arguments rely on the contention that a defendant can violate FCRA Section 1681k(a) merely by failing to comply with one of the provision's two alternative subsections, (a)(1) or (a)(2). Thus, Plaintiffs argue, their failure to sufficiently plead the requisite "failure to maintain strict procedures" under subsection 1681k(a)(2) is not fatal because they asserted their claim solely under subsection 1681k(a)(1). This argument has no merit. Because Section 1681k(a) is written in the *disjunctive*, a CRA trying to defend its practices need only prove that it satisfied *either* subsection 1681k(a)(1) *or* 1681k(a)(2). Conversely, a plaintiff trying to prove a CRA's violation must prove—or, at this stage, at least affirmatively allege—that the CRA failed to comply with *both* subsections 1681k(a)(1) *and* 1681k(a)(2).

Despite the clearly disjunctive wording of the statute, which allows a CRA to comply by *either* giving consumers contemporaneous notice *or* maintaining strict procedures, Plaintiffs insist that allegations of noncompliance with only one or the other subsection suffices. This is simply wrong, as an example will make clear: if one can comply with a statute by *either* mailing a letter *or* sending an email, then to prove noncompliance with the statute, a plaintiff must prove

2

that the defendant *neither* mailed a letter *nor* sent an email. It cannot prove its case by showing noncompliance with only one of the two alternatives. Accordingly, an allegation that LexisNexis failed to comply with only one of the two 1681k(a) subsections does not state a claim.

### A. The weight of recent authority supports this interpretation.

The majority of courts to have addressed the question, including those to have done so most recently, echo this common sense understanding. The court's characterization of Section 1681k in *Moore v. First Advantage Enterprise Screening Corp.*, No. 12-00792, 2013 U.S. Dist. LEXIS 1662959 (N.D. Ohio April 17, 2013), illuminates the disjunctive nature of the provision:

> Section 1681k of the FCRA requires that a consumer reporting agency which furnishes a report for employment purposes, … provide a consumer with notice of adverse public records information at the time it issues a report *unless it maintains strict procedures designed to ensure that the information it reports is compete and up to date.*

*Id.* at *17 (emphasis original). Similarly, the court in *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688 (N.D. Ga. 2012) recognized that a claim under section 1681k(a) requires proof that the defendant failed to give the notice contemplated by subsection 1681k(a)(1) *and* failed to maintain the strict procedures set forth in subsection 1681k(a)(2). *Id.* at 692, 695. Indeed, the defendant in *Farmer* admitted having never sent a single notice pursuant to subsection 1681k(a)(1), *id.* at 694, 695, yet, this did not end the inquiry. Rather, the court correctly found that lia-

bility could exist only if the defendant *also* failed to maintain strict procedures under subsection 1681k(a)(2). *Id.* at 695; *accord Haro v. Shilo Inn,* No. 08-6306, 2009 U.S. Dist. LEXIS 65562, at *7-8 (D. Or. July 27, 2009) (granting summary judgment to defendant despite its failure to provide notice under subsection 1681k(a)(1) because there was no accompanying failure to comply with subsection 1681k(a)(2)).

Simply put, there is no such thing as a cause of action under Section 1681k(a)(1) or 1681k(a)(2). There can only be a violation of Section 1681k(a), which a plaintiff can plead only by alleging noncompliance with both subsections 1681k(a)(1) *and* 1681k(a)(2). Plaintiffs' arguments to the contrary are unavailing.

### B. To sustain a claim under Section 1681k(a), a plaintiff must allege that the CRA furnished a consumer report containing incomplete or outdated information.

As a fallback position, Plaintiffs argue that they adequately alleged that LexisNexis violated Section 1681k(a)(2) by failing to maintain strict procedures to ensure that its consumer reports were complete and up to date. (Pls.' Br. at 9-10, 12.) Yet Plaintiffs' admitted failure to allege *any* inaccuracies in the reports of Plaintiff Dudzic or the putative class members is fatal to that argument.

To establish a violation of Section 1681k(a)(2), a plaintiff must allege that the report furnished by a CRA was incomplete or not up to date. FCRA

4

§ 1681k(a)(2) ("[A CRA must] maintain strict procedures designed to insure [that reported information] is complete and up to date …."). Courts have described the relevant subsection 1681k(a)(2) inquiry as whether the information in the report "was inaccurate or incomplete." *Haro*, 2009 U.S. Dist. LEXIS 65562, at *8. Plaintiff Dudzic and the putative class have failed to state a claim under Section 1681k(a) because Plaintiffs have failed to allege any such inaccuracies in their reports. *See Farmer*, 285 F.R.D. at 697 (quoting *Obabueki v. IBM*, 145 F. Supp. 2d 371, 396 (S.D.N.Y. 2001) ("If the information in a report is complete and up to date, 'then an inquiry into the agency's procedures is unnecessary.'")).

Plaintiffs cite to *Williams v. LexisNexis Risk Mgmt. Inc.*, No. 06-241, 2007 U.S. Dist. LEXIS 62193 (E.D. Va. Aug. 23, 2007) for the proposition that a plaintiff need not alleged that his consumer report was inaccurate. (Pls.' Br. at 4-5.) But this misrepresents the *Williams* decision. Contrary to Plaintiffs' assertion, Judge Payne in *Williams* specifically noted that the plaintiffs alleged that "all of [defendant's] reports of the representative plaintiffs' criminal records were inaccurate." *Id.* at *7 n.4. The Court then held that, because "plaintiffs are claiming that LexisNexis' notice was improper," their Section 1681k(a) claim was "entirely independent of the accuracy of the report." *Id.* at *18-19. *Williams*, however, does not apply where, as here, a plaintiff *fails* to allege that the CRA's reports were incomplete, outdated, or inaccurate.

### C. Plaintiffs do not sufficiently allege that LexisNexis failed to comply with the "strict procedures" option available under Section 1681k(a)(2).

Because alleging that a CRA furnished an inaccurate, incomplete, or outdated consumer report is a threshold requirement for any Section 1681k(a) claim, Plaintiffs' failure to do so with regard to Plaintiff Dudzic and the putative class is fatal to their claim. *See Farmer*, 285 F.R.D. at 700 ("[T]he court concludes that to establish a violation of the requirements of § 1681k(a)(2), a plaintiff must show that . . . the consumer report was either incomplete or not up to date."); *Haro*, 2009 U.S. Dist. LEXIS 65562, at *8 ("[A]bsent a showing that the [consumer report] was inaccurate or incomplete…plaintiff's claim under § 1681k(a) must fail."); *Obabueki*, 145 F. Supp. 2d at 396 (If the information in a report is complete and up to date, "then an inquiry into the agency's procedures is unnecessary.").

But Plaintiffs' Section 1681k(a) claim fails for another reason, as well: the Complaint fails to allege necessary facts showing that LexisNexis failed to maintain "strict procedures" sufficient to ensure complete and up-to-date reports. Although Plaintiffs devote several pages in their *opposition brief* to describing what a CRA must do in order to satisfy the "strict procedures" option and how LexisNexis supposedly failed to do so (*see* Pls.' Br. at 7-10), a motion to dismiss requires instead that a court focus on what Plaintiffs actually allege *in their Complaint. See, e.g., Ahmed v. Porter*, No. 09-101, 2009 U.S. Dist. LEXIS 73650, at *25

6

(W.D.N.C. June 23, 2009) ("Because review [on a motion to dismiss] is limited to the face of the pleadings and accompanying attachments, factual support outside of the record may not be considered and is treated as if it does not exist."). The allegations in Plaintiffs' Complaint clearly fall short.

Plaintiffs summarily assert that "LexisNexis did not attempt to and did not comply with the 'strict procedures' option provided at 15 U.S.C. § 1681k(a)(2) for the Plaintiffs" (Compl. ¶ 29), and that "LexisNexis fails to comply with the rigors of FCRA 1681k(a)(2)." *(Id.* ¶ 93.) These lone legal conclusions, unsupported by any specific factual allegations, are inadequate. Such legally-conclusory pleading might have sufficed in the past, but no longer is a complaint subject to dismissal only if, in Plaintiffs' words, "it appears certain that the plaintiff can prove no set of facts which would support its claim." (Pls.' Br. at 12 (citing the outdated standard of review set forth in *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).) Instead, legal conclusions now "must be supported by *factual* allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis supplied). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Even Plaintiffs concede that they have alleged only a "*general assertion* that LexisNexis does not…attempt to use the § 1681k(a)(2) alternative." (Pls.' Br. at 11,

(emphasis supplied).) This admission is fatal to their case. The allegations in Plaintiffs' opposition brief are irrelevant. Because the Complaint fails to allege sufficient facts that LexisNexis failed to satisfy both subsections of Section 1681k(a)—as it must to state a legally cognizable claim—Count 2 as to Plaintiff Dudzic and the putative class should be dismissed.

**II.     Count 3 fails to state a claim under Section 1681i because FCRA does not prohibit a CRA from requesting the consumer to confirm his or her identity before commencing a reinvestigation.**

Despite their complaints about LexisNexis' supposed "administrative hurdles" and "obstruction policies" (Pls.' Br. at 16, 17), Plaintiffs fail to direct the Court to a single case or statute that prohibits a CRA from requiring a consumer to confirm his or her identity before the CRA initiates a reinvestigation. There is a reason for that omission: no such prohibition exists (nor should one).

Following a consumer dispute, a CRA must, "free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate…." 15 U.S.C. § 1681i(a)(1)(A). A CRA may terminate a reinvestigation if the consumer fails to provide "sufficient information to investigate the disputed information." FCRA § 1681i(a)(3)(A). Thus, not only does the statute not prohibit a CRA from requesting proof of identity, but it expressly contemplates a CRA collecting information from a consumer before proceeding with a reinvestigation.

8

When a consumer's identity is in question, a driver's license would provide such "sufficient information."

As noted in LexisNexis' opening brief, the case law confirms this interpretation of Section 1681i. (Defs.' Mem. in Supp. of Mot. to Dismiss [Doc. 34] at 8-9.) Plaintiffs argue that *Anderson v. Trans Union*, 405 F. Supp. 2d 977 (W.D. Wis. 2005), and *Ogbon v. Beneficial Credit Services, Inc.*, No. 10-3760, 2013 U.S. Dist. LEXIS 50816 (S.D.N.Y. Apr. 8, 2013), do not apply because the facts in those cases are not identical to those presented here. But Plaintiffs cannot escape the reality that both *Anderson* and *Ogbon* hold that a CRA acts reasonably by requiring the consumer to verify his or her identity before commencing a reinvestigation. *Anderson*, 405 F. Supp. 2d at 984; *Ogbon*, 2013 U.S. Dist. LEXIS 50816, at *26-27; *see also Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1012 (10th Cir. 2011) (finding that CRA acted reasonably in requesting identifying information to confirm that person raising dispute was the consumer).[1]

Moreover, Plaintiffs' assertion that their Section 1681i claim is "literally identical to the one successfully made by the consumers in *Williams*" (Pls.' Br. at 13) is not accurate. The Court in *Williams* was asked only to determine whether

---

[1] Plaintiffs attempt to distinguish *Anderson* on the ground that, here, "LexisNexis does not contend that it lacked the correct identifying information to identify the criminal records for [Plaintiff] Brown" (Pls.' Br. at 17.) This effort is entirely misplaced. Before the Court is LexisNexis' motion to dismiss, the purpose of which is to test the sufficiency of *Plaintiffs'* pleading. The Court must constrain itself to what *Plaintiffs* actually have pled in their Complaint. What LexisNexis alleges is wholly irrelevant.

to certify classes. Unlike here, the Court was not considering a dispositive motion and was not asked to determine whether a CRA could request identification before commencing a reinvestigation. In fact, the court explicitly left that issue to be decided at a later date. 2007 U.S. Dist. LEXIS 62193, at *23 (noting that, following certification, the "issues in such a class would be focused on whether LexisNexis violated the law when it implemented [its identification confirmation] policy"). What's more, the class in Williams was defined to consist of consumers who were required to provide *two* forms of identification before a reinvestigation would commence, not one, as is the case here. *Id.* at 24-25. Thus, the *Williams* case lends no authority whatsoever to Plaintiffs' argument that a CRA is prohibited from requesting a consumer to confirm his identity with a single piece of identification before performing a reinvestigation.

Plaintiffs' reliance on an excerpt from a hearing transcript in *Williams* is similarly misplaced. The excerpted text is from a discussion regarding an entirely separate statutory provision—FCRA § 1681g—which deals with the entirely separate act of providing consumers copies of their files upon request. (*See* August 15, 2007 Tr. at 118:24 – 121:22 (discussing 16 CFR § 614.1(a)(1), which addresses free credit reports and identity theft, not reinvestigation) (attached to Pls.' Br. at Ex. D).)

Finally, Plaintiffs repeatedly suggest in their brief that LexisNexis also required Plaintiff Brown to complete a "specific form" before it would commence a reinvestigation. (*See* Pls.' Br. at 14-15, 17.) The Court should not be fooled; *nowhere* in their Complaint—which circumscribes what the Court may consider at this stage—do Plaintiffs allege that LexisNexis required Plaintiff Brown to complete any type of form. In fact, the only reference to a form appears in Plaintiffs' definition of the Reinvestigation Class. (*See* Compl. ¶¶ 78, 98.) Even assuming for the sake of argument that such a requirement could violate the FCRA, the Complaint does not allege that LexisNexis actually imposed any such a requirement on the putative class members or Plaintiff Brown.

Accordingly, Plaintiffs' position finds no basis in law or fact. Plaintiffs fail to identify a single case supporting their contention that a CRA may not require a consumer to provide proof of identity before the CRA begins a reinvestigation, and they ignore both the contrary authorities and the common sense proposition that a CRA is allowed to confirm the identity of a consumer who requests (often over the phone) a re-investigation. Accordingly, Count 3 should be dismissed.[2]

---

[2] Plaintiffs assert that a CRA cannot: "charge the consumer for the reinvestigation"; condition the obligation to reinvestigate "upon the consumer having been denied credit, employment or other benefits, having requested a copy of the consumer report"; or require the consumer to "sign[] a form authorizing the agency to obtain information from creditors, medical practitioners, employers, and the like." (Pls.' Br. at 18.) LexisNexis is not alleged to have engaged in any of these actions, and none is at issue in this case. This rhetoric, like much of the rhetoric throughout Plaintiffs' brief, appears designed to inflame the Court regarding non-existent matters and to divert attention from the fatal deficiencies in Plaintiffs' Complaint.

## CONCLUSION

For all of the foregoing reasons, LexisNexis respectfully requests that the Court (i) dismiss Count 2 of the Complaint as to Plaintiff Dudzic and all members of the putative "1681k Notice Class" and the putative "1681k Lowe's Subclass," and (ii) dismiss Count 3 of the Complaint as to all Plaintiffs and all members of the putative "Reinvestigation Class."

This 29th day of August, 2013.

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887
rfuller@rbh.com
Pearlynn G. Houck
N.C. Bar No. 36364
phouck@rbh.com

**ROBINSON BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704-377-2536
Facsimile: 704-378-4000

Henry R. Chalmers
Georgia Bar No. 118715
Admitted *pro hac vice*
henry.chalmers@agg.com
C. Knox Withers
Georgia Bar No. 142482
Admitted *pro hac vice*
knox.withers@agg.com

**ARNALL GOLDEN GREGORY LLP**
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Telephone: 404-873-8500
Facsimile: 404-873-8501

Jeffrey S. Jacobovitz
D.C. Bar No. 346569
Admitted *pro hac vice*
jeffrey.jacobovitz@agg.com

**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Avenue, N.W., Suite 1000
Washington, D.C. 20006
Telephone: 202-677-4030
Facsimile: 202-677-4031

*Attorneys for Defendant LexisNexis Screening Solutions, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JASON DAVID BROWN, <br> LASZLO BOZSO, and <br> MERIS DUDZIC, individually and on <br> behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LOWE'S COMPANIES, INC., and <br> LEXISNEXIS SCREENING SOLU- <br> TIONS, INC., <br><br> Defendants. | Case No. 5:13-cv-00079-RLV-DCK |

## Certificate of Service

I hereby certify that on August 29, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such to the following counsel of record:

| | |
|---|---|
| **Michael A. Caddell** <br> **Cynthia B. Chapman** <br> **Craig C. Marchinado** <br> Caddell & Chapman <br> 1331 Lamar, Suite 1070 <br> Houston, Texas 77101-3027 <br> mac@caddellchapman.com <br> cbc@caddellchapman.com <br> ccm@caddellchapman.com | **Brett E. Dressler** <br> Sellers, Hinshaw, Ayers, Dortch & <br> Lyons, P.A. <br> 301 S. McDowell, Suite 410 <br> Charlotte, North Carolina 28277 <br> bdressler@sellershinshaw.com |

| | |
|---|---|
| **Brent Allan Rosser**<br>Hunton & Williams LLP<br>101 South Tryon Street<br>Suite 3500<br>Charlotte, North Carolina 28280<br>brosser@hunton.com | **Anthony Rocco Pecora**<br>**Matthew Anderson Dooley**<br>Strumphauzer O'Toole<br>5455 Detroit Road<br>Sheffield Village, Ohio 44054<br>apecora@sheffieldlaw.com<br>mdooley@sheffieldlaw.com |
| **Kevin James White**<br>**Robert T. Quackenboss**<br>Hunton & Williams LLP<br>2200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>khwhite@hunton.com<br>rquackenboss@hunton.com | **Ian B. Lyngklip**<br>Lyngklip & Associates Consumer Law Center<br>24500 Northwestern Hwy., Suite 206<br>Southfield, Michigan 48075<br>ian@michiganconsumerlaw.com |

On this day, I also served the following via First Class U.S. mail in postage-prepaid, self-addressed envelopes as follows:

**Leonard A. Bennett**
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601

This 29th day of August, 2013.

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887