IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JASON DAVID BROWN, ) | |
| LASZLO BOZSO, and ) | |
| MERIS DUDZIC, ) | |
| individually and on behalf of ) | |
| all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 5:13-CV-00079-RLV-DCK |
| ) | |
| v. ) | |
| ) | |
| LOWE'S COMPANIES, INC., and ) | |
| LEXISNEXIS SCREENING ) | |
| SOLUTIONS, INC. ) | |
| ) | |
| Defendants. ) | |

**LOWE'S COMPANIES, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS COUNT ONE OF
PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT WITH PREJUDICE**

For the reasons set forth more fully below, and the reasons stated previously in its Motion to Dismiss, Lowe's Companies, Inc. ("Lowe's") requests that the Court grant its Motion to Dismiss Count One of Plaintiffs' Original Class Action Complaint and dismiss with prejudice all claims made against it for failure to state a claim upon which relief may be granted.

### ARGUMENTS AND AUTHORITIES

**A.  Any Litigation History Of FCRA Claims Against Entities Other Than Lowe's Is Irrelevant to This Motion.**

Plaintiffs argue that "the appropriate starting point in analyzing the propriety of the five-day requirement [Lowe's] challenges is Defendants' history together and the litigation of the contours of Section 1681b(b)(3)." Opposition at 20. Plaintiffs dwell upon two consolidated cases with no connection to Lowe's: *Beverly v. ChoicePoint, Inc.* (W.D.N.C.) and *Beverly v.*

*Wal-Mart Stores, Inc.* (E.D. Va. Jan. 11, 2008), in which an order was entered affecting how defendant ChoicePoint issued its pre-adverse action letters. Compl. ¶¶ 65-71, Opposition at 12-15, 20-23. This "history" is irrelevant to Plaintiffs' claim against Lowe's. Even Plaintiffs acknowledge that Lowe's is not "bound by the *Beverly* order, or that this lawsuit is meant to remedy a violation of that order." Opposition at 22. However, they argue that "the standard mandated by that order should be applied to this case because of the relationships of the Parties and the facts present here." *Id.* Notably, Plaintiffs do not cite any legal authority in support of its position. And even in *Beverly*, the court's order set requirements for ChoicePoint (the consumer reporting agency) to send pre-adverse action notices. There is no mention of any notice requirement imposed on the employer Wal-Mart (the principal), or any suggestion that the obligation somehow flowed to the employer.

Furthermore, Plaintiffs allege no facts to support any connection between Lowe's and ChoicePoint, or what transpired in *Beverly*. Plaintiffs allege merely that, "on information and belief . . . Lowe's was aware of the previous litigation and results as to LexisNexis and ChoicePoint." Compl. ¶ 70. First, a complaint made "on information and belief," cannot support an FCRA claim against Lowe's based on conduct by an unrelated entity. *See Fields v. Tucker*, 1:10CV844, 2011 WL 4345306, at *4 (M.D.N.C. Sept. 15, 2011) (where allegations were made on information and belief, the court found that the complaint "offer[ed] no 'factual matter' to support these 'mere conclusory statements'"); *see also Dean v. Westchester County Dist. Attorney's Office*, 119 F. Supp. 2d 424, 430 (S.D.N.Y. 2000) ("the mere fact that [plaintiff] believed [and alleged on information and belief that] white, male employees similarly situated were not disciplined for similar professional failures is not a sufficient basis to infer

2

discrimination"). Second, even if Lowe's were "aware" of the previous litigation and order, mere awareness of an order does not subject a party to its dictates.

Thus, while Plaintiffs chide Lowe's for "completely sidestep[ping] the import of *Beverly*" in its Motion, there is no reason for Lowe's to address it. The litigation history of *Beverly* plays no role with respect to the single claim against Lowe's.

B.   **There Is No "Clear Authority" That A Five Business Day Notice Requirement Exists Under The FCRA.**

Plaintiffs suggest that, even though the FCRA statute does not mention a 5-day rule, other "clear authority" exists that does. Opposition at 9-19. To the contrary, no such "clear authority" or "settled legal principles" exist that should be considered in evaluating Plaintiffs' pleadings.

To support the "settled legal principle" on which they rely, Plaintiffs cite to an informal opinion letter from the Federal Trade Commission ("FTC"), and several unrelated district court opinions, none of which establish "clear authority." First, the informal staff opinion letter issued by an FTC employee on June 27, 1997, Ex. 2 to Plaintiffs' Opposition, is not authoritative. In *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 70 (2007), plaintiffs asserted that an informal FTC staff attorney letter established a "willfulness" standard under the FCRA. The Court disagreed, noting "a letter, written by an FTC staff member to an insurance company lawyer," was of no import, as "the letter did not canvass the issue, and it explicitly indicated that it was merely 'an informal staff opinion ... not binding on the Commission.'" *Id* at 70. The Court here should similarly find that the FTC opinion letter Plaintiffs rely on cannot form the basis for "clear authority" of a five business day requirement. As with the letter referenced in *Safeco*, the Brinckerhoff letter Plaintiffs rely on "did not canvass the issue" of how long before taking an adverse action must an employer send a pre-adverse action letter. The Brinckerhoff letter simply states:

3

> The final issue raised by your letter concerns the period of time that an employer must wait after supplying the materials required by Section 604(b), before taking adverse action, an issue on which the section is silent. You suggest a period of five business days from the date of the notice. Although the facts of any particular employment situation may require a different time, the five day period that you proposed appears reasonable.

Ex. 2 to Plaintiffs' Opposition. Further, the letter also states that the "opinions set forth in this informal opinion letter are those of the staff, and are not binding on the Commission." *Id.* Thus, the Court should not defer to the Brinckerhoff letter as "clear authority" on FCRA requirements. *See Ashby v. Farmers Ins. Co. of Or.*, 565 F. Supp. 2d 1188, 1210 (D. Or. 2008) ("Similarly, this Court does not find any reason to defer to the FTC staff lawyer's opinion or to give it significant weight on this issue."); *Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 9 (D.S.C. 1992) ("Moore cites several informal opinion letters from a Federal Trade Commission attorney to the effect that reference to a judgment when none exists is misleading. The Court agrees with the reasoning from the *Blackwell* case that these informal opinion letters are by no means binding on this court.").

Likewise, opinions from other district courts that cite favorably to the Brinckerhoff letter do not create "clear authority" that binds this Court or saves Plaintiffs' pleading. As a district court in the Fourth Circuit recognized, "a decision from a sister court in this district, [] although persuasive authority, is not binding." *Norville v. Anne Arundel County Bd. of Educ.*, CIV.A. MJG-99-764, 1999 WL 1267696, at *3 (D. Md. Nov. 23, 1999). Plaintiffs' citation to a handful of decisions from the District of Minnesota, Pennsylvania district courts, and the Eastern District of Virginia do not constitute "clear authority." As the Supreme Court noted in *Safeco*, it is an appellate court decision that would provide binding guidance. *Safeco*, 551 U.S. at 70. Here,

4

neither the Fourth Circuit nor any other circuit court has ruled on the issue of when pre-adverse action notices must be sent in order to comply with the FCRA.

Thus, contrary to Plaintiffs' argument, there is no "clear authority" or "settled legal principles" that provide guidance as to Plaintiffs' single cause of action against Lowe's. No "five business day" standard appears in the FCRA, a failure to deliver notices within that timeframe does not, by itself, constitute a violation, and dismissal is appropriate because Plaintiffs plead non-existent statute terms in alleging a statutory violation.

**C.     Plaintiffs Have Failed To Plead A Cognizable Legal Theory In Their Complaint And Cannot Save Their Claim Through Clarification In Their Opposition Brief.**

Plaintiffs argue that, even if they misstated the law in articulating their cause of action against Lowe's, they state it correctly elsewhere in the Complaint. Opposition at 18. This argument fails for two reasons: 1) the basis of Lowe's Rule 12(b)(6) motion is that Plaintiffs affirmatively state false elements of a cause of action against Lowe's, and general statements elsewhere in the Complaint do not correct this; and 2) Plaintiffs cannot change the legal theory in their Opposition brief.

**1.     Lowe's Is Challenging The Sufficiency Of Plaintiffs' Cause Of Action Asserted, Not The Facts Asserted Elsewhere In The Complaint.**

"As the Fourth Circuit [has] explained, the purpose of Rule 12(b)(6) is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint, and not the facts that support it." *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002) (citing *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994)). "Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts under a cognizable legal theory." *Id.*; *see also Lawley v. Liberty Mut. Group, Inc.*, 5:11-CV-00106-RLV, 2012 WL 4513622, at *1 (W.D.N.C. Sept. 28, 2012).

This Court recognizes that when "conducting a Rule 12(b)(6) analysis," the Court must look to the text of the cause of action asserted. *Quintois v. Propak Logistics, Inc.*, CIV.1:08CV98, 2008 WL 2788037, at *4 (W.D.N.C. July 15, 2008) (dismissing any claims of retaliation based on theories not asserted in text of cause of action). This is because the purpose of a Rule 12(b)(6) motion is to challenge "the asserted claim for relief" to determine if it is cognizable. *Id.* at *3. Thus, a court's inquiry into the legal sufficiency of a claim is focused on the language in plaintiff's cause of action, not on language in the remainder of the complaint. *See id.* "The burden is not on the Court to search the Complaint or the record to find legal or factual support for Plaintiff's Complaint." *Thiel v. Veneman*, 859 F. Supp. 2d 1182, 1187 (D. Mont. 2012). In *Thiel*, where the court found that plaintiff had not raised a cognizable claim for fraudulent concealment, the court rejected plaintiff's request that it "*sua sponte* review[] her Second Amended Complaint for more examples of fraudulent concealment" in the fact section. *Id.*

Whether or not Plaintiffs allege facts elsewhere in the Complaint that would be sufficient to state a claim under a different theory is irrelevant, as Lowe's is challenging the "asserted claim for relief" (Count I) as not being cognizable under Rule 12(b)(6). *Quintois*, 2008 WL 2788037, at *3. Plaintiffs cannot save their cause of action against Lowe's by pointing elsewhere in its Complaint, and their request that the Court search the factual statements in the Complaint to find a cognizable theory must be rejected.

### 2.   Plaintiffs Cannot Alter Their Legal Theory Via Their Opposition Brief.

Plaintiffs' legal theory cannot be clarified or revised in a brief in order to be made "cognizable." *Ali v. Capital One*, 1:11-CV-02115-LJO, 2012 WL 260023, at *3 (E.D. Cal. Jan. 27, 2012). In *Ali*, where plaintiff brought an FCRA claim, defendant argued that the claim

should be dismissed because it was based on an FCRA provision that did not exist, and was therefore based on a legal theory that was not cognizable. *Id.* The court agreed, and found that plaintiff's attempt to clarify her theory through her response to a motion to dismiss was "unavailing, as it is the complaint that must contain a 'cognizable legal theory,'" not an opposition brief. *Id.* The same conclusion should be reached here.

## CONCLUSION

For the foregoing reasons, and the reasons previously made in its Motion to Dismiss, Defendant Lowe's respectfully requests that the Court grant its Motion to Dismiss Count One of Plaintiffs' Original Class Action Complaint and dismiss with prejudice all claims made against it for failure to state a claim upon which relief may be granted.

**HUNTON & WILLIAMS LLP**

By: s/Brent A. Rosser
Brent A. Rosser (N.C. Bar No. 28789)
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
Telephone: (704) 378-4700
Facsimile: (704) 378-4890
E-Mail: brosser@hunton.com

Kevin J. White*
Robert T. Quackenboss*
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
E-Mail: kwhite@hunton.com
E-Mail: rquackenboss@hunton.com
* *(Pro Hac Vice)*

**Attorneys for Defendant Lowe's Companies, Inc.**

## CERTIFICATE OF SERVICE

I certify that on August 29, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following person(s):

        Anthony Rocco Pecora
        Stumphauzer O'Toole
        5455 Detroit Road
        Sheffield Village, OH 44054

        Matthew Anderson Dooley
        Stumphauzer O'Toole
        5455 Detroit Road
        Sheffield Village, OH 44054

        Brett E. Dressler
        Sellers, Hinshaw, Ayers, Dortch & Lyons, PA
        301 S. McDowell, Suite 410
        Charlotte, NC 28277

        Michael A. Caddell
        Cynthia B. Chapman
        Craig C. Marchiando
        Caddell & Chapman
        1331 Lamar, Suite 1070
        Houston, TX 77010-3027

        Ian B. Lyngklip
        Lyngklip & Associates Consumer Law Center, PLC
        24500 Northwestern Highway, Suite 206
        Southfield, MI 48075

I further certify that on August 29, 2013, I served the foregoing by first class mail, postage prepaid, on the following:

        Leonard A. Bennett
        Consumer Litigation Associates, P.C.
        763 Clyde Morris Boulevard., Suite 1A
        Newport News, VA 23601


        s/Brent A. Rosser