IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:13CV79-RLV

| | |
|---|---|
| JASON DAVID BROWN,            )<br>LASZLO BOZSO, and              )<br>MERIS DUDZIC,                 )<br>Individually and on behalf of )<br>all others similarly situated,)<br>                               )<br>        Plaintiffs,           )<br>                               )<br>            vs.                )<br>                               )<br>LOWE'S COMPANIES, INC., and    )<br>LEXISNEXIS SCREENING           )<br>SOLUTIONS, INC.                )<br>                               )<br>        Defendants.            )<br>_____) | **Memorandum & Order** |

**THIS MATTER** is before the Court on Defendants' respective motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 31−34). For the reasons stated herein, the Defendants' motions will be <u>denied</u>.

## I.    BACKGROUND

This lawsuit stems from Plaintiffs' allegations that Defendants Lowe's Companies, Inc. ("Lowes") and LexisNexis Screening Solutions, Inc. ("LexisNexis") violate aspects of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, via the hiring process and practices implemented by Lowe's. Lowe's contracts with LexisNexis, who provides consumer reports concerning applicants pursuing employment with Lowe's. The information provided by LexisNexis is relied upon by Lowe's in rendering employment decisions. The named Plaintiffs

are individuals who each sought employment with Lowe's between 2008 and 2011 but were not selected for hire.

The facts recited are as alleged in the Complaint.

### i. Facts Specific To Plaintiff Jason Brown

Jason D. Brown personally applied for an Assistant Store Manager position in the Denton, Texas Lowe's store on May 16, 2011. (Doc. 1, 6–9). On May 16, 2011, Mr. Brown provided Lowe's with his Texas Driver's License and his Social Security number. (Doc. 1, 6 ¶ 25).

As part of the hiring process, Lowe's purchased a consumer report from LexisNexis for Mr. Brown on or about May 18, 2011. (Doc. 1, 6 ¶ 26). Unbeknownst to Mr. Brown, the report that LexisNexis furnished Lowe's contained several entries of criminal-history information that belonged to a different Jason Brown. (Doc. 1, 7, ¶ 28). On May 20, 2011, Mr. Brown was informed by Lowe's via telephone that he was no longer being considered for the position. (Doc. 1, 7, ¶ 26). On May 23, 2011, Mr. Brown received separate mailings from Lowe's and LexisNexis containing his consumer report and Summary of Rights under the FCRA. (Doc. 1, 7 ¶¶ 28, 30). Mr. Brown did not learn of the contents of the report until three days *after* Lowe's informed Mr. Brown that he was no longer being considered for employment. (Doc. 1, 7 ¶ 30).

Mr. Brown subsequently petitioned LexisNexis for a reinvestigation of the consumer report. (Doc. 1, 8 ¶ 33). LexisNexis advised Mr. Brown that he would need to fax LexisNexis a copy of his driver's license before it would begin any reinvestigation. (Doc. 1, 8 ¶ 33). There is also reference to a request that Mr. Brown complete a "proprietary form" supplied by LexisNexis. (Doc. 1, 19, ¶ 98). Mr. Brown reportedly followed the instructions provided by

2

LexisNexis. (Doc. 1, 8 ¶ 34). LexisNexis would not begin the reinvestigation until Mr. Brown supplied LexisNexis with the requested materials, including a copy of his driver's license, which resulted in delay. (Doc. 1, 8 ¶ 34). Mr. Brown is the only individual or putative representative Class Plaintiff that sought reinvestigation from LexisNexis. (Doc. 1, 4, ¶ 10; 19, ¶ 98).

### ii.  Facts Specific To Plaintiff Laszlo Bozso

Laszlo Boszo applied for a Sales position with Lowe's on June 15, 2011 using an Internet-based application procedure. (Doc. 1, 8 ¶ 35). As part of the hiring process, Lowe's ordered a background report for Mr. Bozso from LexisNexis on June 15, 2011. (Doc. 1, 8 ¶ 36). In Mr. Bozso's case, the LexisNexis report indicated that Mr. Bozso had been convicted of a felony in the state of Ohio in 1999, but it failed to include that the conviction was overturned on appeal in 2000. (Doc. 1, 8, ¶ 40). Lowe's was provided with a copy of the background report by LexisNexis on June 20, 2011. (Doc. 1, 8 ¶ 37). LexisNexis did not provide Mr. Bozso notice that the background report was being given to Lowe's. (Doc. 1, 8 ¶ 41). Neither LexisNexis nor Lowe's provided Mr. Bozso with a copy of the report used during the hiring process. (Doc. 1, 8).

### iii.  Facts Specific To Plaintiff Meris Dudzic

Meris Dudzic applied for an unidentified position with Lowe's in May of 2008. (Doc. 1, 9 ¶ 43). The Complaint does not make clear whether Ms. Dudzic sought employment in person or whether she submitted her application online. (Doc. 1, 6−9). Lowe's accessed and relied upon a background check provided by LexisNexis for Ms. Dudzic on May 21, 2008. (Doc. 1, 9 ¶ 44). Ms. Dudzic does not allege that any inaccuracies existed in her consumer report. (Doc. 1, 9). However, Ms. Dudzic does allege that Lowe's failed to provide a copy of the report

3

furnished by LexisNexis until "several days after" Lowe's refused to offer her employment. (Doc. 1, 9 ¶¶ 47–49).

### iv.     Facts Common To All Three Individual Plaintiffs

After reviewing all three reports and background checks, Lowe's took "adverse employment actions" by refusing to hire any of the three named Plaintiffs. Moreover, Lowe's, either directly or through LexisNexis, did not provide Plaintiffs with a copy of the reports, background check, or a written summary of the information obtained through the reports until *after* Plaintiffs employment applications were denied. (Doc. 1, 7, ¶¶ 27, 30; 9, ¶¶ 42, 47, 48).

Plaintiffs allege that the adverse action taken against them "occurred almost immediately" upon the communication of Plaintiffs' information to Lowe's. (Doc. 1, 7, ¶ 31; 8, ¶ 39; 9, ¶ 46). With respect to the actual decision making, Plaintiffs allege that "LexisNexis itself was tasked with the "adjudication" of whether or not to disqualify an applicant based on the content of the report based upon predefined Lowe's criteria." (Doc. 1, 7, ¶ 31; 8, ¶ 39; 9, ¶ 46). Plaintiffs contend that "[s]uch process is automated and involves limited, if any, human discretion, and for most similarly situated customers, no discretion by Lowe's." (Doc. 1, 7, ¶ 31; 8, ¶ 39; 9, ¶ 46). In addition to hiring LexisNexis as a consumer reporting agency to help screen employee applications, Plaintiffs allege that Lowe's, by way of its policies and procedures, has effectively delegated the role of employer (decision maker) to LexisNexis. (Doc. 1, 2).

According to Plaintiffs, as a result of Lowe's hiring process, applicants are deprived of the protections afforded by the FCRA in that individuals are not provided an opportunity to identify inaccurate information and correct it prior to the employer's decision.

4

### v. Complaint

Plaintiffs, collectively, filed the instant civil action against Defendants in the United States District Court, Western District of North Carolina, on May 16, 2013. (Doc. 1). Plaintiffs pursue both individual claims against Lowe's and LexisNexis as well as class action claims. Counts One through Three allege individual and class-wide claims. Count Four alleges only individual claims and is not brought on behalf of a putative class.[1]

In Count One, Plaintiffs contend that Lowe's "routinely" obtains and uses consumer reports in order to screen potential employees, but fails to provide those individuals with copies of the reports or the Federal Trade Commission ("FTC") notice of rights to job applicants before an adverse employment action has been taken. (Docs. 1, 10). Plaintiffs contend that Lowe's violated the FCRA by failing to provide certain notices and reports "within five business days prior" to taking an adverse employment action against them. (Comp. ¶¶ 87 and 88, Count One).

In Counts Two, Three, and Four, Plaintiffs assert claims against LexisNexis for (a) failing to timely provide required FCRA notices that the reports were being issued (Count Two); (b) failing to conduct a reinvestigation of disputed information in the reports (Count Three); and (c) failing to follow "reasonable procedures" to ensure accuracy in the reports prepared on Plaintiffs (Count Four). (Docs. 32, 2).

Lowe's seeks dismissal as to Count One. LexisNexis seeks dismissal as to Count Two, particularly, the claim of Plaintiff Dudzic, and as to the putative class.[2] LexisNexis also seeks

---

[1] Count Four is actually identified within the Original Class Action Complaint, presumably inadvertently, as a second Count Three.

[2] LexisNexis does not move for dismissal as to the individual § 1681k claims of Plaintiffs Brown and Bozso.

5

dismissal of Count Three in its entirety. Count Four, which is not a class action claim, is not the subject of any Rule 12 motion. The Court now considers the merits of Defendant's respective motions.[3]

## II. STANDARD OF REVIEW

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint, *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8). Specifically, plaintiff may proceed into the litigation process "only when their complaints are justified by both law and fact." *Francis*, 588 F.3d 186, 193. As to facts, courts must overlook "conclusory, unwarranted deductions of fact, or unreasonable inferences," and must not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

"Federal Rules of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)

---

[3] Plaintiffs' Motion for Class Certification is stayed pending disposition of the Rule 12(b)(6) motions. (Doc. 38).

and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. [4] *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

When ruling on a Rule 12(b)(6) motion, the Court accepts "as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff. *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court evaluates the complaint in its entirety, as well as "documents attached to or incorporated into the complaint. *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge). However, the district court cannot go beyond these integral documents on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(b), (d), 56.

### III. DISCUSSION

---

[4] The Fourth Court has recognized that a "dismissal pursuant to a Rule 12(b)(6) motion is inappropriate unless, *accepting as true the well-pleaded facts* in the complaint and viewing them in the *light most favorable to the plaintiff,* it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (quoting *Mylan Lab. Inc. v. Matkari*, 7 F.3d 1130, 1134 & n. 4 (4th Cir. 1993)) (emphasis added).

Congress enacted the FCRA in 1970 to address concerns about abuses in the consumer reporting industry. *See* S. Rep. No. 91-517, at 3 (1969); 116 Cong. Rec. 35941 (1970) (statement of Sen. Proximre); *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *St. Paul Guardian Ins. Co. v. Johnson,* 884 F.2d 881, 883 (5th Cir. 1989); *Hovater v. Equifax, Inc.*, 823 F.2d 413, 416-17 (11th Cir. 1987).

Specifically, the FRCA was enacted by Congress to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52−53 (2007). The FRCA provides for civil liability for anyone who fails to provide the required notice to a consumer against whom an adverse action is taken based on the consumer's report. *Id.*

1. **FCRA Claim against Lowe's (15 U.S.C. § 1681b(b)(3)(A)(i))**

In Count One, Plaintiffs allege that Lowe's failed to provide members of the Lowe's FCRA Disclosure Class with a copy of the consumer reports upon which it based its adverse employment decisions. (Docs. 1, 17-18). Specifically, Plaintiffs argue that Lowe's failed to "mail adverse action notices on behalf of its customers…five business days after mailing Pre-adverse Action Notices." (Docs. 1, 67) (quoting *Beverly v. ChoicePoint, Inc*., CIV.A. 3:08-cv-59 (W.D.N.C.). The statutory purpose of 15 U.S.C. § 1681b(b)(3)(A) is to enable a potential employee to receive his draft report and correct any inaccurate information in the report before any decision or action is commenced. *Kelchner v. Sycamore Manor Health Center*, 305 F.Supp.2d 429, 435 (M.D.Pa. 2004). Section 1681b(b)(3)(A) provides as follows:

> 3) Conditions on use for adverse actions.
> A) Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates:
> (i) a copy of the report; and

8

> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681(g)(c)(3) of this title.

15 U.S.C. § 1681b(b)(3)(A). For purposes of the employment context, the FRCA defines an "adverse action" as a "denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(B)(ii). Although the law does not specifically establish the amount of time that may elapse between a consumer's receipt of a copy of his consumer report and the employer's adverse action, courts in neighboring districts have found that the employer must provide a copy of the report "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telescpectrum*, Civ. No. 3:05cv853 (E.D.Va. 2006). The employer must "provide the consumer with a reasonable period to respond "after receiving the consumer report." *Kelchner*, 305 F.Supp.2d at 435.

Here, the Complaint sets forth that each Plaintiff was a prospective employee who submitted an application with Lowe's Companies for a certain position. (Docs. 1, 6-10). Lowe's purchased consumer reports for Plaintiff Brown and ordered consumer reports that contained background checks on Plaintiffs Bozso and Dudzic, all of which were supplied by LexisNexis.[5] *Id.* Following the receipt of those documents, Lowe's took an adverse action by denying employment to all three Plaintiffs. *Id.* Plaintiffs did not receive a copy of the relevant consumer

---

[5] A credit report viewed by an employer or volunteer agency is called an Employment Credit Report, or consumer report, and does not contain the same information as is found on a credit report available to lenders or even the credit report one obtains to exercise rights to view the report from a credit bureau. The Employment Credit Report does not provide information about the credit or the payment history of the consumer. *See* Rosen, Lester, *The Use of Credit Reports in Employment Background Screening: An Overview for Job Applicants*, LexisNexis Screening Solutions. Criminal background information reported by a CRA is one form of a consumer report governed by the FCRA. *See Criminal Background Checks for Employment Purposes*, National Association of Professional Background Screeners.

9

report until after Lowe's made the decision to deny employment. *Id.*

As detailed above, Plaintiffs were prospective employees and an adverse action was taken against them by Lowe's. (Docs. 32, 3-6). Lowe's argues that Plaintiffs have incorrectly asserted the legal standard arising from the provisions of the FRCA that Lowe's allegedly violated. (Docs. 32, 4). Specifically, Plaintiffs allege that Lowe's failed to provide a copy of the consumer reports used during Lowe's employment hiring process "at least five days prior" to taking an adverse action pursuant to 15 U.S.C. § 1681b(b)(3)(A)(i). (Docs. 1, 18). However, § 1681b(b)(3)(A)(i) merely requires that "*before taking any adverse action* based in whole or in part on the report…..the person intending to take such action shall provide….a copy of the report and a description in writing of the rights of the consumer under this subchapter, as prescribed by the FTC under § 1681(g)(c)(3) of this title." 15 U.S.C. § 1681b(b)(3)(A) (emphasis added). The statute does not provide a specific amount of time for which notice must be given to the prospective employees. Instead, it merely requires that notice is given *before* an adverse action is taken against them by the potential employer.

Plaintiffs Brown, Bozso and Dudzic have adequately asserted facts tending to establish that Lowe's failed to timely provide a copy of the consumer report used by Lowe's during the hiring process before an adverse action was taken. (Docs. 1, 6-9). Specifically, Plaintiff Brown did not receive a copy of the LexisNexis' report until May 23, 2011, roughly five days after Lowe's purchased a consumer report on Brown from LexisNexis and three days after Lowe's communicated to Brown that he was no longer being considered for employment. (Docs. 1, 6-7). Plaintiff Bozso asserts that Lowe's received his consumer report from LexisNexis on June 20, 2011, however, a copy of that report was not provided to him before Lowe's took an adverse

10

employment action.[6] (Docs. 1, 9).

Plaintiff Dudzic also asserts in the Complaint that Lowe's failed to timely provide a copy of the report or a written description of her rights under the FCRA. (Docs. 1, 9). Plaintiff Dudzic alleges that Lowe's accessed and used a background check provided by LexisNexis concerning Dudzic on May 21, 2008. *Id.* Plaintiff Dudzic provides facts establishing that although she did receive a copy of the report on which Lowe's based its employment decision "sometime after Lowe's refused to hire her," that copy was not provided before an adverse employment action was taken by Lowe's as required by 15 U.S.C. § 1681b(b)(3)(A).[7] *Id.*

Defendant Lowe's contends that due to Plaintiffs' misstatement of the applicable law, collectively, Count One should be dismissed. In their responsive brief, Plaintiffs argue that should this Court determine that the allegations are insufficient to withstand Rule 12 scrutiny due to the misstatement of the law, the Court should not grant any dismissal with prejudice but should instead permit the Plaintiffs leave to amend their pleading. (Docs. 41, 26). The Plaintiffs' request to amend is possibly in violation of this Court's Local Civil Rule 7.1(C)(2).[8] However, even though no separate motion has been filed, this Court, in its discretion, can construe, as a Motion to Amend, the portion of the opposition brief on page 26 that asks, in the alternative, for leave to amend Plaintiffs' Complaint.

This case is distinguishable from previous cases within this jurisdiction addressing Local

---

[6] The record does not reflect a date on which Mr. Bozso actually received, if ever, a copy of the consumer report nor the specific date in which Mr. Bozso was notified of the adverse employment action taken against him by Lowe's. (Docs. 1, 8-9).

[7] The record does not reflect when Ms. Dudzic became aware of the adverse employment action taken against her nor the date on which she received a copy of the report used during Lowe's hiring process.

[8] All motions are required to be set forth in separately filed pleadings as opposed to mere inclusion in responsive briefs. Local Civil Rule 7.1(C)(2).

Civil Rule 7.1(C)(2). *See Synovus Bank v. Okay Prop. LLC*, 1:11cv330 WL 3745280 (W.D.N.C. Aug. 28, 2012) (Court denied request to amend pursuant to Local Civil Rule 7.1(C)(2) because Defendants did not offer any proposed amended pleading or specify in what manner they could supplement their pleadings to withstand Rule 12 scrutiny). In the instant case, Plaintiffs have offered a proposed amended pleading and specified how they plan to supplement their pleadings. Plaintiffs intend to remove the "five-business day" requirement and provide that notice need only be given a sufficient amount of time *before* an adverse employment action is taken, pursuant to § 1681b(b)(3)(A). *See Williams v. Telespectrum, Inc.*, 3:05cv853 WL 7067107 (E.D.Va. Nov. 7, 2006) (a user must provide to a consumer a copy of his or her report and a disclosure of rights a *sufficient* amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report, and simultaneous provision of this report does not satisfy that requirement) (emphasis added).

Based on this Court's reading of the plain language of § 1681b(b)(3), a copy of the consumer report used for employment purposes must be provided before an adverse action is taken against the consumer. It may be inferred from the statutory language that Congress intended to ensure that a potential employee would have the opportunity to address any inaccuracies contained in the consumer report used against him or her during the hiring process. Accordingly, this Court finds it appropriate to **DENY** Defendant Lowe's Motion to Dismiss and allow Plaintiffs to **AMEND** their Complaint.

2. **FCRA Claim against LexisNexis (15 U.S.C. § 1681k)**

In Count Two, Plaintiffs allege that the consumer reports LexisNexis provided Lowe's were "inaccurate" and "not complete or up to date," and that LexisNexis failed to comply with the requirements set forth by 15 U.S.C. § 1681k(a). (Docs. 1, 18-19). 15 U.S.C. § 1681k(a)

12

requires:

> [A] consumer reporting agency which furnishes a consumer report for
> employment purposes and which for that purpose compiles and reports items of
> information on consumers which are matters of public record and are likely to
> have an adverse effect upon a consumer's ability to obtain employment shall:
>   (1) At the time such public record information is reported to the user
>       of such consumer report, notify the consumer of the fact that public
>       record information is being reported by the consumer reporting
>       agency, together with the name and address of the person to whom
>       such information is being reported; or
>   (2) Maintain strict procedures designed to insure that whenever public
>       record information which is likely to have an adverse effect on
>       consumer's ability to obtain employment is reported it is complete
>       and up to date. For purposes of this paragraph, items of public
>       record relating to arrests, indictments, convictions, suits, tax liens,
>       and outstanding judgments shall be considered up to date if the
>       current public record status of the item at the time of the report is
>       reported.

15 U.S.C. § 1681k. In enacting FCRA, Congress adopted a variety of measures designed to insure that agencies report accurate information. *Dalton v. Capital Ass'n. Indus.*, 257 F.3d 409, 417 (4th Cir. 2001). One such measure, § 1681k, deals with the procedures consumer reporting agencies must follow when collecting and transmitting information in an employment context and creates heightened standards for procedures used to collect that information.[9] *Id.*

The FCRA provides that an agency has not complied with the spirit of the Act where it delays notification to a consumer − that a report has been run − until after the agency has come to have reason to question the accuracy of its report. *Adams*, 620 F.Supp.2d at 332; *see also* 15 U.S.C. § 1681(a)(4) (Congress finds that, "there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the

---

[9] To fall within this section, the consumer reports must contain matters of public record that are likely to have an adverse effect upon a consumer's ability to obtain employment. When a consumer reporting agency furnishes such a report, it is obligated to do one of two things. The agency must either notify the consumer at the time the report is transmitted to the user or "maintain strict procedures designed to ensure that the information…is complete and up to date." *Dalton*, 257 F.3d at 415; § 1681K(a).

13

consumer's right to privacy"); 15 U.S.C. § 1681(b) ("It is the purpose of the FCRA to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer…").

LexisNexis does not contest the proposition that the requirements for the application of Section 1681k are met: Plaintiffs' criminal history was reported for employment purposes, the criminal history was a matter of public record, and it was likely to have an adverse effect on each Plaintiff, respectively. Additionally, LexisNexis does not dispute that Plaintiffs Brown and Bozso's consumer reports contained inaccuracies or incomplete information or that LexisNexis failed to notify Plaintiff Brown and Bozso of such report. Accordingly, this Court will only address Plaintiff Dudzic's Count Two claim. (Docs. 34, 5).

LexisNexis argues that Plaintiff Dudzic's report did not contain inaccurate or incomplete information nor has she pled any facts establishing that LexisNexis failed to maintain strict procedures designed to ensure that the information….was complete and up to date. (Docs. 34, 6). Furthermore, LexisNexis asserts that subsections (1) and (2) of § 1681k are not "alternatives", in that the plaintiff must "allege that the Consumer Reporting Agency failed to comply with ***both***" in order to state a viable claim under § 1681k. (Docs. 34, 5)(emphasis added). This Court is not persuaded. The Fourth Circuit has established that when a consumer reporting agency furnishes a report, the agency is not obligated to notify the consumer ***and*** maintain strict procedures. *Dalton*, 257 F.3d at 417 (4th Cir. 2001) ("the agency must either notify the consumer at the time the report is transmitted to the user ***or*** maintain strict procedures designed to ensure that the information…is complete and up to date.") (emphasis added).

14

Plaintiff Dudzic asserts that Lowe's accessed and used a background check provided by LexisNexis concerning Ms. Dudzic on May 21, 2008. (Docs. 1, 9). It is undisputed that the consumer report of Ms. Dudzic was furnished for employment purposes and contained one or more public records of the type that may affect an employer's hiring decision. (Docs. 1, 18). Moreover, Plaintiff Dudzic alleges that LexisNexis failed to timely provide the required FCRA notices to her pursuant to 15 U.S.C. § 1681k(a). *Id.* The statutory language in § 1681k(a) does not necessarily require an "inaccuracy" in order to invoke the notification protections, as LexisNexis alleges. Although Plaintiff Dudzic fails to assert sufficient facts to establish that LexisNexis did not maintain strict procedures designed to ensure accuracy of its consumer reports, she has sufficiently alleged facts to establish LexisNexis's failure to notify her that a background check was furnished and provided to Lowe's. Therefore, Plaintiff Dudzic's Count Two claim survives Rule 12 scrutiny and LexisNexis' Motion to Dismiss shall be **DENIED**.

3. **FCRA Claim against LexisNexis (15 U.S.C. § 1681i)**

In Count Three, Plaintiff Brown alleges that LexisNexis failed to conduct an adequate reinvestigation of Plaintiffs' consumer reports.[10] (Docs. 1, 19). Pursuant to 15 U.S.C. § 1681i(a), reinvestigation of disputed information is required as explained below:

(1) Reinvestigation required:
  (A) If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate*** and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller….

---

[10] Mr. Brown is the only individual or putative representative Class Plaintiff that sought reinvestigation from LexisNexis. (Doc. 1, 4, ¶ 10; 19, ¶ 98). Plaintiffs Bozso and Dudzic do not assert individual § 1681i(a) claims.

(2) Prompt notice of dispute to furnisher of information:
  (A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
  (B) Provision of other information. The consumer reporting agency shall promptly provide [notice of the dispute] to the person who provided the information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

15 U.S.C. §§ 1681i(a)(1) and (2). Under the statute, reinvestigation is mandatory. 15 U.S.C. § 1681i(a)(1)(A). However, in order to trigger the reinvestigation requirement, the consumer is obligated to notify the consumer reporting agency either directly, or indirectly through a reseller, of the dispute. Id. The consumer reporting agency then has thirty days to conduct its reinvestigation and provide the results to the consumer. Id.

Plaintiffs contend that LexisNexis violated § 1681i(a)(1)(A) by requiring Mr. Brown to provide a copy of his driver's license before conducting a reinvestigation. (Docs. 1, 19). The Complaint alleges that once Mr. Brown became aware of the consumer report, Mr. Brown sought reinvestigation by contacting LexisNexis and notifying LexisNexis of the inaccuracy. (Doc. 1, 8, ¶ 33; 19). Thus, upon learning of the content of the consumer report, Mr. Brown met his statutory obligation (as a consumer) by notifying LexisNexis (the consumer reporting agency) directly of the dispute. After notification of the dispute, the onus was on LexisNexis as a plain reading of the statute requires reinvestigation without any additional condition precedent.

Section 1681i(a)(1) requires that a "reasonable reinvestigation" *must* be conducted to determine whether the identification information is accurate. 15 U.S.C. § 1681i (emphasis added). Section 1681i(a)(3) allows a consumer reporting agency to terminate a reinvestigation if it "reasonably determines" that a dispute is frivolous, or if it reasonably determines that it does

16

not have sufficient information about the dispute to conduct an adequate reinvestigation. *See Williams v. LexisNexis Risk Mgmt. Inc.*, 2007 WL 2439463 at *7 (E.D.Va. 2007). Significantly, Section 1681i(a)(3) provides LexisNexis with the ability *to terminate a reinvestigation* − not begin or undertake a reinvestigation − if it "reasonably determines" that it does not have adequate identification information to conduct a sufficient reinvestigation. *Id.* While the facts as alleged by Plaintiff establish that a misidentification might have occurred during the course of LexisNexis' first consumer report investigation, Mr. Brown had already provided his driver's license and social security number to the Lowe's store where he sought to become employed. Viewing the facts in the light most favorable to Plaintiff Brown, Plaintiff Brown's individual § 1681i(a) claim survives Rule 12.

Therefore, LexisNexis' Motion to Dismiss regarding Count Three shall be **DENIED**.

## IV. ORDER

In conclusion, Plaintiffs have alleged facts sufficient to nudge each of the challenged causes of action across the line from merely conceivable to plausible. In addition, Plaintiffs have given Defendants Lowe's and LexisNexis fair notice of the claims against them as well as the grounds upon which those claims rest.

**IT IS THEREFORE ORDERED** that Defendant Lowe's Motion to Dismiss Count One is **DENIED** (Doc. 31); and that Defendant LexisNexis's Motion to Dismiss Counts Two and Three is likewise **DENIED** (Doc. 33). The individual claims of Plaintiffs Brown and Bozso in Count Four pursuant to 15 U.S.C. § 1681e(b) alleging that LexisNexis failed to employ reasonable procedures to ensure the accuracy of its reporting will remain as Count Four was not challenged.

**IT IS FURTHER ORDERED** that Plaintiffs are hereby **GRANTED** leave to amend

their Original Class Action Complaint in regards to Count One consistent with the guidance provided within this Memorandum and Order.

Signed: September 29, 2014

Richard L. Voorhees
United States District Judge