IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

**Case No 5:13-CV-00079-RLV**

| | |
|---|---|
| **JASON DAVID BROWN,** | ) |
| **LASZLO BOZSO and** | ) |
| **MERIS DUDZIC,** | ) |
| **Individually and on behalf of** | ) |
| **all others similarly situated** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **LOWE'S COMPANIES, INC., and** | ) |
| **LEXISNEXIS SCREENING** | ) |
| **SOLUTIONS, INC.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT LEXISNEXIS SCREENING SOLUTIONS, INC.**

Defendant LexisNexis Screening Solutions, Inc., n/k/a First Advantage LNS Screening

Solutions, Inc. ("First Advantage") submits this, its Answer and Affirmative Defenses to Plaintiffs'

First Amended Class Action Complaint (Plaintiffs' "First Amended Complaint"), showing the Court

as follows:

**ANSWER**

**I.**

1.     First Advantage denies the allegations in paragraph 1 of the First Amended

Complaint.

2.     First Advantage admits that Lowe's operates a chain of retail stores throughout the

United States, and that Lowe's uses as part of its hiring process criminal background reports

generated by First Advantage to assist in making employment decisions. First Advantage is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of Paragraph 2 and, therefore, those factual allegations are denied. The allegations in the third sentence of Paragraph 2 state conclusions of law to which no response is required. Accordingly, the allegations in the third sentence of Paragraph 2 are denied. Except as expressly admitted herein, the allegations in Paragraph 3 are denied.

3.    First Advantage admits that it operates, in some instances, as a consumer reporting agency, and that it maintains a database containing certain public record information that can be used to prepare consumer reports for certain purposes, among which is employment purposes. To the extent the allegations in the first two sentences of Paragraph 3 of the First Amended Complaint state conclusions of law, no response is required and, accordingly, those allegations are denied. First Advantage denies the remaining factual allegations in the first two sentences of Paragraph 3. First Advantage admits that LexisNexis Screening Solutions, Inc. provided background reports regarding Plaintiffs to Lowe's. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 3 and that the background reports it provided were "consumer reports" as defined by the FCRA and, therefore, those factual allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 3 are denied.

4.    The allegations in Paragraph 4 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 4 are denied. To the extent Paragraph 4 contains any factual allegations, those allegations are denied.

5.    The allegations in Paragraph 5 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 5 are denied. To the extent Paragraph 5 contains any factual allegations, those allegations are denied.

6.      First Advantage admits that it has acted as a consumer reporting agency in certain aspects of its relationship with Lowe's and that it has sent certain letters and carried out certain other tasks for Lowe's. First Advantage denies the remaining allegations in Paragraph 6 as written.

7.      First Advantage denies the factual allegations in Paragraph 7 of the First Amended Complaint. In further response, First Advantage states that the remaining allegations in Paragraph 7 state conclusions of law to which no response is required. Accordingly, those allegations in Paragraph 7 are denied.

8.      First Advantage denies the allegations in Paragraph 8 of the First Amended Complaint.

9.      First Advantage denies the factual allegations in Paragraph 9 of the First Amended Complaint. In further response, First Advantage states that the remaining allegations in Paragraph 9 state conclusions of law to which no response is required. Accordingly, those allegations in Paragraph 9 are denied.

10.     First Advantage denies the factual allegations in Paragraph 10 of the First Amended Complaint. In further response, First Advantage states that the remaining allegations in Paragraph 10 state conclusions of law to which no response is required. Accordingly, those allegations in Paragraph 10 are denied.

11.     First Advantage admits that LexisNexis Screening Solutions, Inc. provided a report to Lowe's regarding Plaintiff Brown, and that LexisNexis Screening Solutions, Inc. provided a report to Lowe's regarding Plaintiff Bozso. Those reports are written documents that speak for themselves, and insofar as the allegations in Paragraph 11 of the First Amended Complaint are in any way inconsistent with those documents, those allegations are denied. First Advantage denies any remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 12 are denied. To the extent Paragraph 12 contains any factual allegations, those allegations are denied.

## II.

13.     The allegations in Paragraph 13 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 13 are denied. To the extent Paragraph 13 contains any factual allegations, those allegations are denied.

14.     The allegations in Paragraph 14 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 14 are denied. To the extent Paragraph 14 contains any factual allegations, those allegations are denied.

15.     The allegations in Paragraph 15 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 15 are denied. To the extent Paragraph 15 contains any factual allegations, those allegations are denied.

16.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the First Amended Complaint and, therefore, those allegations are denied.

17.     First Advantage admits that it sells products and services in many parts of the United States, including within the District and Division of this Court. Except as expressly admitted herein, the allegations in Paragraph 17 of the First Amended Complaint are denied.

## III.

18.     The allegations in Paragraph 18 of the First Amended Complaint state conclusions of law to which no response is required. However, in further response to Paragraph 18, First Advantage states that it is not contesting subject-matter jurisdiction in this case.

19.     The allegations in Paragraph 19 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 19 are denied. However, in further response to Paragraph 19, First Advantage states that it is not contesting venue in this case.

20.     First Advantage admits that it sells products and services within the District and Division of this Court. First Advantage further states that it is not contesting venue in this case. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the First Amended Complaint and, therefore, those allegations are denied.

**IV.**

21.     First Advantage admits that LexisNexis Screening Solutions, Inc. provided background reports regarding Plaintiffs to Lowe's. First Advantage also admits that it has supplied background reports to other employers for employment purposes. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations that those background reports were "consumer reports" as defined by the FCRA and, therefore, those factual allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 21 of the First Amended Complaint are denied.

22.     First Advantage admits that, at times during the statute of limitations period applicable to this lawsuit, if any, it acted as a consumer reporting agency as defined by the FCRA. Except as expressly admitted herein, the allegations in Paragraph 22 are denied.

23.     First Advantage admits that, during the statute of limitations period applicable to this lawsuit, if any, it regularly engaged in preparing and providing to third-parties consumer reports containing public-record information. The remaining allegations in Paragraph 23 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, those

allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 23 are denied.

24.     The allegations in Paragraph 24 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 24 are denied. However, to the extent any of those allegations require a response, First Advantage is without knowledge or information sufficient to form a belief as to the truth of allegations and, therefore, those allegations are denied.

**A.**

25.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint and, therefore, those allegations are denied.

26.     First Advantage admits that, on or about May 16, 2011, Lowe's purchased from LexisNexis Screening Solutions, Inc. a background report regarding Plaintiff Brown. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the First Amended Complaint and, therefore, those allegations are denied.

27.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 that the background report referenced therein was a "consumer report" as defined by the FCRA and, therefore, those allegations are denied. First Advantage denies the remaining allegations in Paragraph 27 of the First Amended Complaint.

28.     The report referenced in the first sentence of Paragraph 28 of the First Amended Complaint is a written document that speaks for itself, and insofar as the allegations in Paragraph 28 are in any way inconsistent with that document, those allegations are denied. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in the

second sentence in Paragraph 28 and, therefore, those allegations are denied. To the extent there are any other factual allegations in Paragraph 28, those allegations are denied.

29. The allegations in Paragraph 29 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 29 are denied. To the extent Paragraph 29 contains any factual allegations, those allegations are denied.

30. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the First Amended Complaint and, therefore, those allegations are denied.

31. First Advantage denies the allegations in Paragraph 31 of the First Amended Complaint as written.

32. First Advantage denies the allegations in Paragraph 32 of the First Amended Complaint as written.

33. First Advantage admits that Plaintiff Brown contacted LexisNexis Screening Solutions, Inc. regarding alleged inaccuracies in his background report. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff Brown's other actions and, therefore, those allegations are denied. First Advantage denies the remaining allegations in Paragraph 33 of the First Amended Complaint.

34. First Advantage denies the allegations in Paragraph 34 of the First Amended Complaint.

**B.**

35. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the First Amended Complaint and, therefore, those allegations are denied.

36.     First Advantage admits that, on or about June 15, 2011, Lowe's ordered from LexisNexis Screening Solutions, Inc. a background report regarding Plaintiff Bozso. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the First Amended Complaint and, therefore, those allegations are denied.

37.     First Advantage denies the allegations in Paragraph 37 of the First Amended Complaint.

38.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the First Amended Complaint and, therefore, those allegations are denied.

39.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the First Amended Complaint and, therefore, those allegations are denied.

40.     The report referenced in Paragraph 40 of the First Amended Complaint is a written document that speaks for itself, and insofar as the allegations in Paragraph 40 are in any way inconsistent with that document, those allegations are denied. To the extent Paragraph 40 contains any other factual allegations, those allegations are denied.

41.     First Advantage denies the allegations in Paragraph 41 of the First Amended Complaint.

42.     First Advantage denies the allegations in Paragraph 42 of the First Amended Complaint.

**C.**

43.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the First Amended Complaint and, therefore, those allegations are denied.

44.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the First Amended Complaint and, therefore, those allegations are denied.

45.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the First Amended Complaint and, therefore, those allegations are denied.

46.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the First Amended Complaint and, therefore, those allegations are denied.

47.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the First Amended Complaint and, therefore, those allegations are denied.

48.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the First Amended Complaint and, therefore, those allegations are denied.

49.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint and, therefore, those allegations are denied.

**D.**

50.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the First Amended Complaint and, therefore, those allegations are denied.

51.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the First Amended Complaint and, therefore, those allegations are denied.

52.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the First Amended Complaint and, therefore, those allegations are denied.

53.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the First Amended Complaint and, therefore, those allegations are denied.

54.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the First Amended Complaint and, therefore, those allegations are denied.

55.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the First Amended Complaint and, therefore, those allegations are denied.

56.     The allegations in Paragraph 56 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 56 are denied. However, to the extent any of those allegations require a response, First Advantage denies those allegations. First Advantage also denies that Plaintiffs have alleged any FCRA violations.

57.	The allegations in Paragraph 57 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 57 are denied. However, to the extent any of those allegations require a response, First Advantage denies those allegations. First Advantage also denies that it has violated the FCRA.

58.	The allegations in Paragraph 58 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 58 are denied. However, to the extent any of those allegations require a response, First Advantage denies those allegations. First Advantage also denies that Plaintiffs have alleged any FCRA violations.

**E.**

59.	First Advantage denies the allegations in Paragraph 59 of the First Amended Complaint.

60.	First Advantage admits that those consumers who released their reinvestigation claims in the *Williams* lawsuit are excluded from Plaintiffs' proposed reinvestigation class in this lawsuit. First Advantage denies all remaining allegation in in Paragraph 60 of the First Amended Complaint.

61.	First Advantage denies the allegations in Paragraph 61 of the First Amended Complaint.

62.	First Advantage admits that those consumers who released their notice claims in the *Williams* lawsuit are excluded from Plaintiffs proposed notice class in this lawsuit. First Advantage denies all remaining allegation in in Paragraph 62 of the First Amended Complaint.

63.	First Advantage admits, on information and belief, that LexisNexis Risk Management, Inc. made certain payments in relation to the *Williams* lawsuit. First Advantage is without knowledge or information sufficient to form a belief as to the allegations regarding the amounts of payments made to each consumer in the relevant class in *Williams* and, therefore, those

allegations are denied. First Advantage denies the remaining allegations in Paragraph 63 of the First Amended Complaint.

64.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 64 of the First Amended Complaint and, therefore, those allegations are denied.

65.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 65 of the First Amended Complaint and, therefore, those allegations are denied.

66.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 66 of the First Amended Complaint and, therefore, those allegations are denied.

67.     The Order referenced in Paragraph 67 of the First Amended Complaint is a written document that speaks for itself, and insofar as the allegations in Paragraph 67 are in any way inconsistent with that document, those allegations are denied. To the extent Paragraph 67 contains any other factual allegations, those allegations are denied.

68.     In response to Paragraph 68 of the First Amended Complaint, First Advantage states that it has knowledge of its legal obligations under the FCRA and it is aware of promulgations by the Federal Trade Commission. Except as expressly admitted herein, the allegations in Paragraph 68 are denied.

69.     In response to Paragraph 69 of the First Amended Complaint, First Advantage states that it obtained or had available to it written material regarding the FCRA. First Advantage is without knowledge or information sufficient to form a belief as to the truth of allegations regarding other consumer reporting agencies and, therefore, those factual allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 69 are denied.

70.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the First Amended Complaint and, therefore, those allegations are denied.

71.     First Advantage denies the allegations in Paragraph 71 of the First Amended Complaint.

**IV.**

**A.**

72.     To the extent Paragraph 72 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 72 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

73.     To the extent Paragraph 73 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 73 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

**B.**

**1.**

74.     To the extent Paragraph 74 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 74 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

75.     To the extent Paragraph 75 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent

Paragraph 75 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

**2.**

76.     To the extent Paragraph 76 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 76 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

77.     To the extent Paragraph 77 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 77 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

**3.**

78.     To the extent Paragraph 78 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 78 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

79.     To the extent Paragraph 79 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. To the extent Paragraph 79 contains any factual allegations, those allegations are denied. First Advantage further denies that the proposed class is certifiable.

**C.**

80.     To the extent Paragraph 80 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations

in Paragraph 80 and, therefore, those allegations are denied. First Advantage also denies that the proposed classes are certifiable. Responding further, on information and belief, the proposed classes are not so numerous that joinder of all members is impracticable.

81.     To the extent Paragraph 81 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 81 and, therefore, those allegations are denied. First Advantage also denies that the proposed classes are certifiable. Responding further, on information and belief, common questions of law and fact do not exist as to all members of each proposed class.

82.     To the extent Paragraph 82 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 82 and, therefore, those allegations are denied. First Advantage also denies that the proposed classes are certifiable. Responding further, on information and belief, the Plaintiffs' claims are not typical of the alleged claims of the other members of the proposed classes.

83.     To the extent Paragraph 83 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 83 and, therefore, those allegations are denied. First Advantage also denies that the proposed classes are certifiable. Responding further, on information and belief, the Plaintiffs will not fairly and adequately protect the interests of the proposed classes.

**C.** [sic.]

84.     To the extent Paragraph 84 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. First Advantage is

without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 84 and, therefore, those allegations are denied. First Advantage also denies that the proposed classes are certifiable. Responding further, on information and belief, questions of law and fact common to members of the proposed classes do not predominate over questions affecting only individual members of the proposed classes, and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversies.

85. To the extent Paragraph 85 of the First Amended Complaint asserts legal conclusions, no response is required. Accordingly, those allegations are denied. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 85 and, therefore, those allegations are denied. First Advantage also denies that the proposed classes are certifiable. Responding further, on information and belief, individualized litigation would not create a risk of inconsistent or varying adjudications with respect to individual members of the proposed classes that would establish incompatible standard of conduct for the parties opposing the proposed classes.

## V.

## Count I

86. The responses set forth in paragraphs 1 through 85 above are hereby incorporated by reference and made a part hereof, as if each statement was fully set forth herein.

87. The allegations in Paragraph 87 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 87 are denied. To the extent Paragraph 87 contains any factual allegations, those allegations are denied.

88. The allegations in Paragraph 88 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 88 are denied. To the extent Paragraph 88 contains any factual allegations, those allegations are denied.

89.     The allegations in Paragraph 89 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 89 are denied. To the extent Paragraph 89 contains any factual allegations, those allegations are denied.

90.     The allegations in Paragraph 90 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 90 are denied. To the extent Paragraph 90 contains any factual allegations, those allegations are denied.

**Count 2**

91.     The responses set forth in paragraphs 1 through 90 above are hereby incorporated by reference and made a part hereof, as if each statement was fully set forth herein.

92.     The allegations in Paragraph 92 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 92 are denied. To the extent Paragraph 92 contains any factual allegations, those allegations are denied.

93.     The allegations in Paragraph 93 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 93 are denied. To the extent Paragraph 93 contains any factual allegations, those allegations are denied.

94.     The allegations in Paragraph 94 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 94 are denied. To the extent Paragraph 94 contains any factual allegations, those allegations are denied. Responding further, First Advantage denies that it failed to timely provide required FCRA notices.

95.     The allegations in Paragraph 95 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 95 are denied. To the extent Paragraph 95 contains any factual allegations, those allegations are denied.

96.     The allegations in Paragraph 96 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 96 are denied. To

the extent Paragraph 96 contains any factual allegations, those allegations are denied. Responding further, First Advantage denies that the proposed classes are certifiable.

**Count 3**

97.     The responses set forth in paragraphs 1 through 96 above are hereby incorporated by reference and made a part hereof, as if each statement was fully set forth herein.

98.     The allegations in Paragraph 98 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 98 are denied. To the extent Paragraph 98 contains any factual allegations, those allegations are denied. Responding further, First Advantage denies that it failed to conduct reinvestigations as alleged in Paragraph 98.

99.     The allegations in Paragraph 99 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 99 are denied. To the extent Paragraph 99 contains any factual allegations, those allegations are denied.

100.     The allegations in Paragraph 100 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 100 are denied. To the extent Paragraph 100 contains any factual allegations, those allegations are denied. Responding further, First Advantage denies that the proposed classes are certifiable.

**Count 4**

101.     The responses set forth in paragraphs 1 through 100 above are hereby incorporated by reference and made a part hereof, as if each statement was fully set forth herein.

102.     The allegations in Paragraph 102 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 102 are denied. To the extent Paragraph 102 contains any factual allegations, those allegations are denied.

103.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the First Amended Complaint and, therefore, those allegations are denied.

104.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the First Amended Complaint and, therefore, those allegations are denied.

105.     The allegations in Paragraph 105 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 105 are denied. To the extent Paragraph 105 contains any factual allegations, those allegations are denied.

106.     The allegations in Paragraph 106 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 106 are denied. To the extent Paragraph 106 contains any factual allegations, those allegations are denied.

107.     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the First Amended Complaint and, therefore, those allegations are denied.

108.     The allegations in Paragraph 108 of the First Amended Complaint state conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 108 are denied. To the extent Paragraph 108 contains any factual allegations, those allegations are denied.

### GENERAL DENIAL

First Advantage denies each and every factual allegation contained in the First Amended Complaint that is not expressly admitted in the preceding paragraphs of this Answer.

In further response, all allegations, headings, and unnumbered paragraphs not expressly admitted herein are denied. Additionally, First Advantage denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

**DEFENSES**

First Advantage submits its Affirmative Defenses to the claims set forth in the First Amended Complaint as follows:

FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the First Amended Complaint fails to state a claim upon which relief can be granted.

SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there exists no genuine issue as to any material fact and First Advantage is entitled to judgment as a matter of law.

THIRD ADDITIONAL DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs and/or members of the proposed classes lack standing.

FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims on behalf of any member of the proposed class are subject to dismissal, in whole or in part, to the extent that member of the proposed class did not incur a cognizable injury, did not incur any damages, or otherwise would lack standing.

FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims fail, in whole or in part, because First Advantage acted in good faith and without willfulness, malice, or intent to injure.

SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims fail, in whole or in part, because First Advantage did not act negligently.

SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims fail, in whole or in part, because the First Amended Complaint fails to join all indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

### Eighth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent the claims made in the First Amended Complaint on behalf of Plaintiffs and/or members of the proposed classes are barred by *res judicata* and/or collateral estoppel or the failure to schedule such claims as assets in prior proceedings under Title 11 of the United States Code.

### Ninth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent the claims made in the First Amended Complaint on behalf of Plaintiffs and/or members of the proposed classes are barred by accord and satisfaction.

### Tenth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent the claims made in the First Amended Complaint on behalf of Plaintiffs and/or members of the proposed classes are barred by release.

### Eleventh Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent the claims made in the First Amended Complaint on behalf of Plaintiffs and/or members of the proposed classes are barred by judicial estoppel.

### Twelfth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent the claims made in the First Amended Complaint on behalf of Plaintiffs and/or members of the proposed classes are barred by waiver, laches, estoppel, and/or unclean hands.

### Thirteenth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent the claims made in the First Amended Complaint on behalf of Plaintiffs and/or members of the proposed classes are barred by the applicable statutes of limitations.

### Fourteenth Additional Defense

First Advantage acted, at all times relevant to Plaintiffs' Amended Complaint, in compliance with the FCRA and is entitled to every defense afforded it by the FCRA.

### Fifteenth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that Plaintiffs or members of the proposed classes did not comply with requirements in the FCRA.

### Sixteenth Additional Defense

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent First Advantage had an absolute and/or qualified privilege.

### Seventeenth Additional Defense

First Advantage did not willfully violate the FCRA or any other legal requirement.

### Eighteenth Additional Defense

First Advantage did not negligently violate the FCRA or any other legal requirement.

### NINETEENTH ADDITIONAL DEFENSE

Any violation of the FCRA, which is expressly denied, was not intentional or willful and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### TWENTIETH ADDITIONAL DEFENSE

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that the reports provided to Lowe's or other end users were not consumer reports as defined by the FCRA.

### TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that neither Plaintiffs nor any member of the proposed classes has suffered any cognizable injury.

### TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that neither Plaintiffs nor any member of the proposed classes has suffered any damages.

### TWENTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that the alleged harm suffered by Plaintiffs or any members of the proposed classes was not caused by any act or omission of First Advantage.

### TWENTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that any damages incurred by Plaintiffs or any members of the proposed classes were caused by their own acts or omissions, or the acts or omissions of third parties other than First Advantage.

### TWENTY-FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are subject to dismissal, in whole or in part, to the extent that Plaintiffs or any members of the proposed classes failed to exercise reasonable diligence to mitigate their alleged damages.

### TWENTY-SIXTH ADDITIONAL DEFENSE

The damages allegedly suffered by Plaintiffs and/or by members of the proposed classes are too remote to form the basis for any recovery against First Advantage.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

The damages Plaintiffs seek, for themselves and on behalf of the proposed classes, would be disproportionate to the harm alleged or suffered by Plaintiffs or any members of the proposed classes, would be excessive, and would violate First Advantage's constitutional rights.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

The damages Plaintiffs seek must be set off against any settlement or other recoveries by Plaintiffs or any member of the proposed classes.

### TWENTY-NINTH ADDITIONAL DEFENSE

An award of the punitive damages Plaintiffs seek, for themselves and on behalf of the proposed classes, would violate First Advantage's constitutional rights.

### THIRTIETH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the requirements for a class action cannot be satisfied and the proposed classes are not certifiable.

### Thirty-First Additional Defense

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that the proposed classes are so numerous that joinder of all members would be impracticable.

### Thirty-Second Additional Defense

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that there are questions of law or fact common to each class.

### Thirty-Third Additional Defense

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that the claims or defenses of the representative parties are typical of the claims or defenses of the class.

### Thirty-Fourth Additional Defense

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that the representative parties will fairly and adequately protect the interest of the classes.

### Thirty-Fifth Additional Defense

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications.

### Thirty-Sixth Additional Defense

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that questions of law or fact common to class members predominate over any questions affecting only individual members.

This case is not appropriate for class certification to the extent that Plaintiffs fail to demonstrate that a class action is superior to other available methods for fairly and efficiently adjudicating the controversies.

First Advantage reserves the right to raise any other defenses allowed by law as evidence is discovered in this case.

WHEREFORE, Defendant First Advantage prays that this Court:

a)      Deny certification of Plaintiffs' proposed classes;

b)      Dismiss each of Plaintiffs' claims with prejudice;

c)      Enter judgment in favor of Defendants and against Plaintiffs on all claims;

d)      Award costs against Plaintiffs, including Defendants' attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and 1681o; and

e)      Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of October, 2014.

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887
rfuller@rbh.com
Pearlynn G. Houck
N.C. Bar No. 36364
phouck@rbh.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704-377-2536
Facsimile: 704-378-4000

Henry R. Chalmers
Georgia Bar No. 118715
Admitted *pro hac vice*
henry.chalmers@agg.com
C. Knox Withers
Georgia Bar No. 142482
Admitted *pro hac vice*
knox.withers@agg.com

ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Telephone: 404-873-8500
Facsimile: 404-873-8501

Jeffrey S. Jacobovitz
D.C. Bar No. 346569
Admitted *pro hac vice*
jeffrey.jacobovitz@agg.com

ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue, N.W., Suite 1000
Washington, D.C. 20006
Telephone: 202-677-4030
Facsimile: 202-677-4031

*Counsel for LexisNexis Screening Solutions, Inc., n/k/a*
*First Advantage LNS Screening Solutions, Inc.*

<u>**Certificate of Service**</u>

I hereby certify that on October 24, 2014, I electronically filed the foregoing **Answer and Affirmative Defenses of Defendant LexisNexis Screening Solutions, Inc.** with the Clerk of the Court using the CM/ECF system, which sent notification of such to the following counsel of record:

Anthony Rocco Pecora
Matthew Anderson Dooley
Strumphauzer O'Toole
5455 Detroit Road
Sheffield Village, OH 44054
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com

Brent Alan Rosser
Hunton & Williams LLP
101 South Tryon Street
Suite 3500
Charlotte, NC 28280
brosser@hunton.com

Craig C. Marchinado
Michael A. Caddell
Cynthia B. Chapman
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX 77101-3027
ccm@caddellchapman.com
mac@caddellchapman.com
cbc@caddellchapman.com

Kevin James White
Robert T. Quackenboss
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
khwhite@hunton.com
rquackenboss@hunton.com

Leonard Anthony Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

Ian B. Lyngklip
Lyngklip & Associates Consumer Law Center, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
248-208-8864
Fax: 248-208-9073
Email: Ian@MichiganConsumerLaw.com

Brett E. Dressler
Sellers, Hinshaw, Ayers, Dortch & Lyons, PA
301 S. McDowell, Suite 410
Charlotte, NC 28277
bdressler@sellershinshaw.com

This 24th day of October, 2014.

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887
rfuller@rbh.com