# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13-CV-79-RLV-DSC

| | |
|---|---|
| JASON DAVID BROWN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) **PRETRIAL ORDER AND** |
| | ) **CASE MANAGEMENT PLAN** |
| LOWE'S COMPANIES, INC., et al., | ) |
| Defendants. | ) |

This Pretrial Order and Case Management Plan shall govern this case from the date of filing through discovery and the filing of the renewed motion for class certification. **Following a ruling on such Motion for Class Certification, the parties shall submit a Supplemental Conference Report and Discovery Plan.**

## I. DISCOVERY

**A. DISCOVERY GUIDELINES**: Discovery in this case is limited as follows: Each party may propound no more than **twenty-five (25)** interrogatories, including subparts; **no limit** on requests for admission; and no more than **ten (10)** depositions of non-expert witnesses.

**B. RULE 26 DISCLOSURES**: The parties shall comply with the requirements of Rule 26(a) in a thorough and timely manner.

**C. RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

**D. THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are

to be served on all parties but are NOT to be filed with the Court. *See* L.Cv.R. 26.2. The parties are responsible for the preservation of any and all discovery materials they may generate. L.Cv.R. 26.2.

  **E**. **VIDEO DEPOSITIONS**: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

  **F**. **PROTECTIVE ORDERS**: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court upon the completion of litigation.

  **G**. **CLASS CERTIFICATION DISCOVERY COMPLETION**: Class certification discovery shall be completed no later than **August 1, 2015**. Counsel are directed to initiate discovery requests and notices or subpoenas for depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to the scheduled trial date.

  **H. EXPERT WITNESSES:** Plaintiffs shall provide reports from expert witnesses pursuant to Rule 26(a)(2) by **May 1, 2015**. Defendants shall provide reports from their expert witnesses by **June 1, 2015**. Supplementations per Rule 26(e) shall be due within thirty (30) days

after obtaining applicable information.

## II. MOTIONS

A. **GOVERNED BY LOCAL RULES.** Unless expressly stated otherwise, the Court's pretrial motions practice is governed by L.Cv.R. 7.1.

B. **MOTIONS DEADLINE**. Plaintiffs' Motion for Class Certification shall be filed no later than **August 1, 2015**. Parties may not extend this deadline by agreement and stipulated extensions for the completion of discovery do not extend this deadline.

C. **DISCOVERY DISPUTES**. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## III. ALTERNATIVE DISPUTE RESOLUTION

A. **METHOD OF ADR.** The method of ADR required to be utilized in this case is **Mediated Settlement Conference**.

B. **ADR DEADLINE.** The deadline for completing ADR and filing a report on the results is in the parties' discretion but shall be no later than **seventy-five (75) days** after the Court's ruling on Plaintiffs' Motion for Class Certification.

C. **SETTLEMENT PROCEDURES.** If at any time a settlement is reached, it shall be reported immediately to the Court, in writing, together with a date by which the parties will file a formal Stipulation of Dismissal. Upon written notification of a global settlement, any remaining pretrial deadlines will be suspended, future appearances excused, and the case will be removed from the trial calendar.

# V. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure ("the Rules").

**SO ORDERED.**

Signed: December 8, 2014

David S. Cayer
United States Magistrate Judge

**SO ORDERED.**