# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | | |
|---|---|---|
| JASON DAVID BROWN, <br> LASZLO BOZSO and <br> MERIS DUDZIC, <br> Individually and on behalf of <br> all others similarly situated <br><br> Plaintiffs, <br><br> vs. <br><br> LOWE'S COMPANIES, INC., and <br> LEXISNEXIS SCREENING <br> SOLUTIONS, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 5:13-cv-00079 <br><br><br><br><br><br><br><br> UNITED STATES DISTRICT <br> JUDGE RICHARD <br> VOORHEES |

**Memorandum of Law in Support of**
**<u>Defendant First Advantage's Motion for Partial Judgment on the Pleadings</u>**

Pursuant to Federal Rule of Civil Procedure 12(c) and LCvR 7.1, Defendant LexisNexis Screening Solutions, Inc., n/k/a First Advantage LNS Screening Solutions, Inc. ("First Advantage") files this Memorandum of Law in Support of its Motion for Partial Judgment on the Pleadings with regard to Counts Three and Five of Plaintiffs' Second Amended Class Action Complaint ("SAC" [Doc. No. 56]).

# I. Introduction

In Count Three of the SAC, Plaintiffs Jason David Brown, Laszlo Bozso, and Meris Dudzic (collectively, "Plaintiffs") assert that First Advantage committed willful violations of the Fair Credit Reporting Act ("FCRA") by failing to "timely provide the required FCRA notices to the Plaintiffs and other members of the putative class" in contravention of 15 U.S.C. § 1681k(a)(1). They further allege in Count Three that First Advantage "uniformly fails to comply with the rigors of [§ 1681k(a)(2)]," which requires that Consumer Reporting Agencies ("CRAs") maintain "strict procedures." (*See* SAC ¶¶ 110, 111.) In Count Five of the SAC, Plaintiffs Brown and Bozso bring individual claims alleging that First Advantage violated § 1681e(b) by failing to exclude negative information from Plaintiff Brown's background report and failing to indicate on Plaintiff Bozso's report that a felony conviction was overturned. (*See id.* ¶¶ 119 – 121.) First Advantage denies that it has violated the FCRA.

Co-Defendant Lowe's Companies, Inc. ("Lowe's") has filed a motion to dismiss the FCRA claims against it, arguing that the background reports Lowe's ordered from First Advantage regarding the Plaintiffs did not constitute "consumer reports" under the FCRA, and therefore that Lowe's actions were not governed by the FCRA provisions underlying Plaintiffs' claims against it. (*See* Lowe's Companies, Inc.'s Memorandum of Law in Support of its Motion to

Dismiss Counts One and Two of Plaintiffs' Second Amended Class Action Complaint with Prejudice ("Lowe's Motion to Dismiss")[1] [Doc. No. 78].) The information on which Lowe's bases its argument is uniquely in Lowe's' possession. However, if Lowe's is correct that Plaintiffs' Background reports did not constitute "consumer reports" under the FCRA (and based on the information Lowe's has filed with the Court, this appears to be so), then Counts Three and Five against First Advantage also must be dismissed, because each claim therein also depends on the allegation that Plaintiffs' Background reports actually constituted FCRA "consumer reports."

Lowe's argues (and First Advantage echoes) that the FCRA exempts from the definition of a "consumer report" background reports obtained pursuant to a preexisting written policy. (*See* Lowe's Motion to Dismiss at pp. 2, 7, 10-15 (citing 15 U.S.C. § 1681a(y) and supporting case law.) As supported by the SAC and Lowe's Motion to Dismiss, Lowe's requested that First Advantage provide it with Background reports regarding Plaintiffs in connection with determining whether employing them would comply with Lowe's preexisting written

---

[1] Because Lowe's has not yet filed a responsive pleading to Plaintiffs' Complaint, its motion is fashioned as a Rule 12(b)(6) Motion to Dismiss. In contrast, First Advantage, having already filed its Answer [Doc. 58], has styled this motion as a Rule 12(c) Motion for Partial Judgment on the Pleadings. "A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *See Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 459 (M.D.N.C. 2013).

employment policy. (*See* SAC ¶¶ 29-30, 41-42, 50-51, 57-59; Lowe's Motion to Dismiss at pp. 7, 11-12.) Thus, Plaintiffs' Background reports do not constitute "consumer reports" and are not governed by the FCRA. Therefore, Counts Three and Five of Plaintiffs' Complaint against First Advantage should be dismissed for failure to state a claim.

## II. Statement of Facts[2]

First Advantage is a consumer reporting agency, headquartered in Georgia, that provides, among other things, background and employment screening services. (*See* SAC ¶ 3, 20.) Lowe's is a home improvement retailer headquartered in North Carolina. (*See id.* ¶¶ 2, 19.) Pursuant to its policies, Lowe's routinely conducts background checks on prospective employees and relies on that information in making employment decisions. (*See id.* ¶¶ 2, 57-58; *see also* Darin Barton Declaration (attached to Lowe's Motion to Dismiss as Ex. A) at Ex. A-1 [Doc. No. 78-1].) Lowe's written Employment Policy articulates the company's policy: "A new hire cannot begin work until an approved background has been received." (*See* Ex. A-1 at 2.)

---

[2] Given the standard of review applicable to this Motion for Partial Judgment on the Pleadings, First Advantage sets forth the facts as alleged in Plaintiffs' Complaint without admitting that any such alleged facts are true. First Advantage also sets forth matters addressed in Lowe's Motion to Dismiss that are appropriate for consideration in ruling on a motion for judgment on the pleadings (*see* Lowe's Motion to Dismiss at p. 9).

7545635v2

4

The three named Plaintiffs allege that they applied for positions with Lowe's on May 16, 2011 (Brown), on June 15, 2011 (Bozso), and in May 2008 (Dudzic), respectively. (*See* SAC ¶¶ 28, 42, 49.) As was its policy, Lowe's obtained background reports on each Plaintiff from its vendor, First Advantage. (*See id.* ¶¶ 29, 41, 50, 60; *see also* Barton Decl. ¶ 5.) Plaintiffs allege that these background reports are "consumer reports" under the FCRA. (*See id.* ¶¶ 3-4, 9, 23, 29, 41, 50, 59.) Plaintiffs allege that Lowe's declined to hire each of them based upon information contained in the reports provided to Lowe's by First Advantage. (*See id.* ¶¶ 30, 44, 52.)

In Count Three of the SAC, Plaintiffs allege that, as to the named Plaintiffs and the putative class they purport to represent, First Advantage failed timely to provide required notice under § 1681k(a)(1) that the Plaintiffs' information was being furnished to Lowe's. (*See id.* ¶¶ 32-33, 47, 111.) Plaintiffs also allege that First Advantage uniformly fails to comply with § 1681k(a)(2)'s rigors, which require maintenance of "strict procedures." (*See id.* ¶ 110.) Pursuant to Fed. R. Civ. P. 23, Plaintiffs assert their claims in Count Three on behalf of a putative class of similarly situated individuals. (*See id.* ¶ 88.)

Additionally, Plaintiffs Brown and Bozso bring individual claims against First Advantage in Count Five alleging that First Advantage violated § 1681e(b) by not using "reasonable procedures to assure maximum possible accuracy of

the information" provided in their background reports. (*See id.* ¶ 119, 122.) Specifically, they claim that First Advantage violated the FCRA when it failed to exclude negative information from Plaintiff Brown's background report and when it failed to indicate on Plaintiff Bozso's report that a felony conviction was overturned. (*See id.* ¶¶ 32, 46, 119-122.)

The statutory sections under which Plaintiffs bring Counts Three and Five (§ 1681k(a) and § 1681e(b)) govern "consumer reports" only, and they do not apply to Background reports that do not fall within, or are excluded from, the definition of "consumer reports" under the FCRA.

### III. Standard of Review

Federal Rule of Civil Procedure 12(c) allows courts to "test the sufficiency of the complaint" and terminate lawsuits that are fatally flawed in their legal premises in order to spare litigants the burdens of unnecessary pretrial and trial activity. *See EEOC v. Circuit City Stores, Inc.*, 394 F. Supp. 2d 747, 749 (M.D.N.C. 2005) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see also McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (discussing Rule 12(b)(6) motions to dismiss). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). Under Rule 12(c), just as under Rule 12(b)(6), courts "assume the facts alleged in the

complaint are true and draw all reasonable factual inferences in [the non-moving party's] favor." *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). Further, the court must determine if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Under Rule 12(b)(6), and thus analogously under Rule 12(c) as well, courts may consider a document not attached to a complaint if it is submitted with the motion, "is clearly integral to, and was relied upon in, [Plaintiffs'] complaint," and Plaintiffs do "not dispute its authenticity." *See Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006) ("Blankenship did not attach the Gazette article to his complaint. Nonetheless, we may consider the article even at [this] stage, as (1) it was attached to Manchin's motion to dismiss, and is clearly integral to, and was relied upon in, Blankenship's complaint; and (2) Blankenship does not dispute its authenticity."); *accord Nw. Nat'l Ins. Co. of Wisc. v. FMC Corp.*, 845 F. Supp. 2d 697, 700 (W.D.N.C. 2012).

IV. Argument

A. **The Background reports issued by First Advantage regarding Plaintiffs did not constitute "consumer reports" under the FCRA.**

As set forth in Lowe's Motion to Dismiss, the Background reports regarding Plaintiffs that Lowe's ordered from First Advantage did not constitute

7545635v2

7

"consumer reports" under the FCRA because they were procured "in connection with determining whether employing Plaintiffs would comply with Lowe's preexisting written policy that requires successful completion of the background check process prior to beginning work." (*See* Lowe's Motion to Dismiss at pp. 2, 7, 10-15.)[3] First Advantage incorporates herein by reference Lowe's Motion to Dismiss.

**B.      Plaintiffs fail to state a claim against First Advantage because their claims in Count Three and Five rely on an erroneous assumption that their background screening reports were "consumer reports" under the FCRA.**

In Counts Three and Five of their Complaint, Plaintiffs claim that First Advantage violated three separate subsections of the FCRA: § 1681k(a)(1), § 1681k(a)(2), and § 1681e(b). (*See* SAC ¶ 110-111, 122-123.) Each of these subsections, however, applies only to "consumer reports," and because Plaintiffs' Background reports did not constitute "consumer reports" under the FCRA, Counts Three and Five must be dismissed.

---

[3] 15 U.S.C. § 1681a(y) exempts from the definition of "consumer report" any report prepared "in connection with an investigation of . . . compliance with . . . any preexisting written policies of the employer." *See* 15 U.S.C. § 1681a(y)(1)(B)(ii). As explained in *Martin v. First Advantage Background Services Corporation*, 877 F. Supp. 2d 754, 759 (D. Minn. 2012), "a report received and used in connection with an investigation into the employer's compliance with laws, regulations, or preexisting written internal policies is sufficient to trigger the exemption."

### 1. Plaintiffs' claims under 15 U.S.C. § 1681k are subject to dismissal.

In Count Three of their Complaint, Plaintiffs claim that First Advantage failed "to timely provide the required FCRA notices to the Plaintiffs and other members of the putative class [in violation of] 15 U.S.C. § 1681k(a)(1)" and that it "uniformly fails to comply with the rigors of FCRA Section 1681k(a)(2)" (*See* SAC. ¶¶ 110-111.) By its explicit terms, however, those subsections of the FCRA apply only to "consumer reports":

> (a) *In general.* A consumer reporting agency which furnishes a **consumer report** for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall
>
> (1) at the time such public record information is reported to the user of such **consumer report**, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whatever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. . . .

15 U.S.C. § 1681k (emphasis added). Because Plaintiffs' Background reports did not constitute a "consumer report" (*see* Lowe's Motion to Dismiss at pp. 10-15), 15 U.S.C. § 1681k is inapplicable to this case. Therefore, Count Three must be dismissed to the extent it relies upon these claims.

Without named plaintiffs to represent the § 1681k class, and because the

7545635v2

9

class has not yet been certified, the class itself also must fail. *See, e.g.*, *Gawry v. Countrywide Home Loans, Inc.*, 395 Fed. App'x. 152, 160 (6th Cir. 2010); *Bass v. Butler*, 116 F. App'x 376, 385 (3d Cir. 2004); *Young v. AmeriGas Propane, Inc.*, Case no. 14-583, 2014 U.S. Dist. LEXIS 144123, at *11 (S.D. Cal. Oct. 9, 2014) ("Since Plaintiff's case must be dismissed, the class action can no longer stand."); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, Case No. 09-758, 2013 U.S. Dist. LEXIS 143653, at *44-45 (S.D. W. Va. Oct. 4, 2013) ("[A]s Defendants have been awarded summary judgment on Plaintiffs' individual claims and a class has not been certified, the Court finds Plaintiffs may not proceed with this action.").

### 2. Plaintiffs' individual claims under 15 U.S.C. § 1681e(b) are subject to dismissal.

Plaintiffs Brown and Bozso bring individual claims in Count Five alleging that First Advantage failed to employ "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" in violation of 15 U.S.C. § 1681e(b). (*See* SAC ¶¶ 122-123.) By its explicit terms, however, that subsection of the FCRA applies only to "consumer reports":

> (b) *Accuracy of report.* Whenever a consumer reporting agency prepares a **consumer report** it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added). Because Brown and Bozso's Background

reports do not constitute "consumer reports" *see* Lowe's Motion to Dismiss at pp. 10-15), 15 U.S.C. § 1681e(b) does not govern this case. Therefore, Count Five must be dismissed to the extent it relies upon this claim.

## V. Conclusion

Because Plaintiffs' background reports did not constitute "consumer reports" under the FCRA, and because each individual and class claim against First Advantage must fail if Plaintiffs' Background reports were not "consumer reports," Counts Three and Five of Plaintiffs' Complaint are subject to dismissal. First Advantage therefore respectfully requests that the Court grant its motion for partial judgment on the pleadings and dismiss Counts Three and Five of Plaintiffs' Complaint.

Respectfully submitted this 1st day of May, 2015.

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887
rfuller@rbh.com
Pearlynn G. Houck
N.C. Bar No. 36364
phouck@rbh.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704-377-2536
Facsimile: 704-378-4000

Henry R. Chalmers

Georgia Bar No. 118715
Admitted *pro hac vice*
henry.chalmers@agg.com
C. Knox Withers
Georgia Bar No. 142482
Admitted *pro hac vice*
knox.withers@agg.com

ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Telephone: 404-873-8500
Facsimile: 404-873-8501

Jeffrey S. Jacobovitz
D.C. Bar No. 346569
Admitted *pro hac vice*
jeffrey.jacobovitz@agg.com

ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue, N.W., Suite 1000
Washington, D.C. 20006
Telephone: 202-677-4030
Facsimile: 202-677-4031


*Counsel for LexisNexis Screening Solutions, Inc., n/k/a First Advantage LNS Screening Solutions, Inc.*

# Certificate of Service

I hereby certify that on this 1st day of May, 2015, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FIRST ADVANTAGE'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS was served upon the following by email and U.S. Mail:

Anthony Rocco Pecora
Matthew Anderson Dooley
O'Toole McLaughlin Dooley &
Pecora Co. LPA
5455 Detroit Road
Sheffield Village, OH 44054
apecora@omdplaw.com
dooley@omdplaw.com

Brent Alan Rosser
Hunton & Williams LLP
101 South Tryon Street
Suite 3500
Charlotte, NC 28280
brosser@hunton.com

Craig C. Marchinado
Michael A. Caddell
Cynthia B. Chapman
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX 77101-3027
ccm@caddellchapman.com
mac@caddellchapman.com
cbc@caddellchapman.com

Kevin James White
Robert T. Quackenboss
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
khwhite@hunton.com
rquackenboss@hunton.com

Leonard Anthony Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, VA 23606
lenbennett@clalegal.com

Ian B. Lyngklip
Lyngklip & Associates Consumer
Law Center, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
Ian@MichiganConsumerLaw.com

Brett E. Dressler

Sellers, Hinshaw, Ayers, Dortch &
Lyons, PA
301 S. McDowell, Suite 410
Charlotte, NC 28277
bdressler@sellershinshaw.com

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887