# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | | |
|---|---|---|
| JASON DAVID BROWN, LASZLO BOZSO, and MERIS DUDZIC, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:13-CV-00079-RLV-DSC (consolidated case number) |
| LOWE'S COMPANIES, INC., and FIRST ADVANTAGE BACKGROUND SERVICES CORP., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| APRIL INGRAM-FLEMING, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:15-CV-00018-RLV-DSC |
| LOWE'S HOME CENTERS, LLC, d/b/a LOWE'S, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS MATTER IS BEFORE THE COURT** on a Joint Motion for Preliminary Approval of Class Action Settlement by the Plaintiffs, Jason Brown, Laszlo Bozso, Meris Dudzic and April Ingram-Fleming, and Defendant, Lowe's Companies, Inc. ("Lowe's" or "Defendant") (jointly referred to as the "Parties") (Doc. No. 96), and a Consent Motion for Settlement, filed as a supplement to the Motion for Preliminary Approval (Doc. No. 99) (hereinafter collectively referred to as simply the "Motion"). The Parties have submitted a Settlement Agreement and

Release ("Settlement Agreement") that the Court has reviewed. The Court finds that the settlement falls within the range of reasonableness and is appropriate for preliminary approval.

Based upon the Settlement Agreement, the record and exhibits herein, it appears to the Court that upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. Accordingly, the Motion is **GRANTED**. A hearing on the matter to consider its final approval (the "Final Fairness Hearing" or "Final Approval Hearing") shall be held on **Monday, June 6, 2016, at 2 p.m.,** after notice to the Class Members, at which time the Court will determine whether the proposed settlement is fair, reasonable, and adequate, to determine whether a final Order and Judgment should be entered in this Lawsuit. It is hereby **ORDERED**:

1. The Court has jurisdiction over the subject matter of this lawsuit and over all settling parties hereto.

2. **Class Members of Rule 23(b)(3) Class:** Pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(1)(B), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class, referred to as the "Disclosure Settlement Class," with the constituent class members known as "Disclosure Class Members":

> All natural persons residing in the United States (including all territories and other political subdivisions) (a) who submitted an employment application to Lowe's, and (b) who were the subject of a consumer report procured by Lowe's for employment purposes between (1) October 9, 2012 and May 6, 2015, or (2) October 9, 2012 and July 5, 2015, if he or she applied for employment at Lowe's corporate headquarters through an external source, or (3) October 9, 2012 and July 9, 2015, if he or she applied for employment with Lowe's corporate headquarters at a kiosk.

Excluded are all counsel of record, and any judge or magistrate assigned to this matter together with their immediate family members and judicial staff. The Court is advised that there are approximately 450,533 Disclosure Class Members.

3. **Class Representative and Class Counsel:** Pursuant to Fed. R. Civ. P. 23, the Court designates Plaintiffs Jason Brown, Laszlo Bozso, Meris Dudzic and April Ingram-Fleming as the Class Representatives. The Court preliminarily appoints Caddell & Chapman, Consumer Litigation Associates, P.C., O'Toole, McLaughlin, Dooley & Pecora, Co., LPA, Lyngklip & Associates Consumer Law Center, PLC, Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., Wenzel, Fenton, Cabassa, P.A., and Wallace & Graham, P.A. as Class Counsel.

4. **Preliminary Class Certification of the Disclosure Settlement Class:** The Court preliminarily finds that, for settlement purposes only, this lawsuit and the Disclosure Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   A. The Disclosure Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable (Fed. R. Civ. P. 23(a)(1));

   B. There are questions of law and fact common to the Disclosure Class Members, which predominate over any individual questions (Fed. R. Civ. P. 23(a)(2) and (b)(3));

   C. The claims of the class representatives are typical of the claims of the Disclosure Class Members (Fed. R. Civ. P. 23(a)(3));

   D. The class representatives and Class Counsel will fairly and adequately protect the interests of all of the Disclosure Class Members (Fed. R. Civ. P. 23(a)(4)); and

   E. The Court finds that as to this Disclosure Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy, and accordingly the requirements for certification of a settlement class under Rule 23(b)(3) are satisfied.

5. If the preliminarily approved settlement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Disclosure Settlement Class shall be decertified; the settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be inadmissible and not used to the prejudice of any party and shall not be deemed or construed to be an admission or confession

by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the settlement had not been negotiated, made, or filed with the Court.

6. **The Claims Administrator:** The Court preliminarily appoints American Legal Claim Services as the Claims Administrator (the "Claims Administrator") to administer the terms of the Settlement Agreement and the notification to Disclosure Class Members. Defendant shall compile a Class List and provide it to the Claims Administrator. The cost to print and mail the Class Notices along with other Claims Administrator expenses shall be paid by Lowe's separately from the Maximum Settlement Amount (as defined in the Settlement Agreement); provided however that uncashed checks to Disclosure Class members shall be first applied to such expenses before any remaining sum is distributed to a *cy pres* beneficiary proposed by the Parties and approved by the Court. The Claims Administrator will be responsible for mailing the class notice to the Disclosure Class Members in the form substantially similar to that approved by the Court.

7. **Notice:** The Court approves the form and substance of the written Mail Notice, attached to the Settlement Agreement (Doc. 97-1) as Exhibit A. The proposed form and method for notifying the Disclosure Class Members of the Settlement and its terms and conditions satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice is clearly designed to advise the Disclosure Class Members of their rights. In accordance with the Settlement, the Class Administrator shall cause the completed notices to be mailed to the Disclosure Class Members as expeditiously as possible, but no later than **Friday, March 25, 2016**.

8. **Opt-Outs and Objections:** Disclosure Class Members shall be given the opportunity to object to or opt out of the Settlement. All requests to be excluded from the

Settlement must be in writing and postmarked by **Monday, May 16, 2016**. All objections to the Settlement must be in writing, filed with the Court, and served on Class Counsel and Defendant's Counsel at the addresses provided in the Mail Notice so they are filed by **Monday, May 16, 2016**. Any objections to any request for Attorneys' Fees must be supplemented no more than seven (7) days after Class Counsel files a motion requesting Attorneys' Fees. Any written objection to the Settlement must indicate if the Disclosure Class Member, or his or her counsel, intends to appear at the Final Fairness Hearing. If any such lawyer does intend to appear at the Final Fairness Hearing, he or she must enter a written Notice of Appearance of Counsel with the Clerk of the Court, which includes the full caption and case number of each previous class action case in which that counsel has represented an objector. Such Notice of Appearance of Counsel shall be filed no later than **Monday, May 30, 2016**.

9. **Final Fairness Filings**: Submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, and any submission in support of a request for an award of attorneys' fees and costs, shall be filed with the Court no later than **Monday, May 23, 2016**.

10. **Final Fairness Hearing:** The Court shall conduct a Final Fairness Hearing on **Monday, June 6, 2016**, at the Federal Courthouse located at 200 West Broad Street, Statesville, North Carolina 28677, commencing at **2:00 p.m**., to review and rule upon the following issues:

    A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Disclosure Class Members and should be approved by the Court;

    C. Whether the Final Approval Order, as provided under the Settlement, should be entered, dismissing the Disclosure Claim with prejudice and releasing the claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

Attendance at the Final Fairness Hearing is not necessary. Disclosure Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Disclosure Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The hearing may be postponed, adjourned, transferred, or continued without further notice to the Disclosure Class Members.

11. **Continuing Jurisdiction**. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement.

12. **Stay**. To the extent any proceedings in this litigation are stayed, such stay is governed by this Court's Interim Pretrial Order and Case Management Plan of February 10, 2016. *See* [Doc. No. 104].

13. **Use of Order**. This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by the Released Parties. The Released Parties specifically deny any liability or wrongdoing. Plaintiffs specifically believe they would have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation. Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Released Parties to class certification in the event that the Settlement Agreement is terminated or not given final approval.

**IT IS, THEREFORE, ORDERED THAT:**

(1) The Motion is **GRANTED** (Doc. No. 96); (Doc. No. 99); and

(2) This matter will come before the Court for a Final Fairness Hearing on **June 6, 2016** at **2:00 p.m.** at the Statesville Courthouse.

**SO ORDERED.**

Signed: February 26, 2016

Richard L. Voorhees
United States District Judge