IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:13-CV-00079-RLV-DSC

| | |
|---|---|
| JASON DAVID BROWN, <br> LASZLO BOZSO, and <br> MERIS DUDZIC, <br> individually and on behalf of <br> all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S COMPANIES, INC., and <br> LEXISNEXIS SCREENING <br> SOLUTIONS, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PROTECTIVE ORDER**

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents by the Plaintiffs and Defendants (the "Parties") to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information" or "Confidential Material."

2. Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action will endeavor to redact social security numbers and dates of birth from all Confidential Information. Such redaction is not required,

1

however, and the Parties will not make any argument that a failure to redact social security numbers or dates of birth constitutes a discovery violation or an infringement of personal privacy. Both Parties shall have the right to clawback any documents in order to add redactions in the manner described above.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. A party wishing to designate portions of a deposition transcript Confidential pursuant to this Order (a "Designating Party") may do so in accordance with paragraph 1 of this Order. The Designating Party shall designate such Confidential Material either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page and line numbers of the transcript to be so designated. Blanket designations are not permitted. The Designating Party must serve such Notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. In the event a witness makes changes to his or her deposition testimony pursuant to Fed. R. Civ. P. 30(e), any party wishing to make designations of Confidential as to any changed deposition testimony may do so by serving a Notice of the designation and the change to which it relates in the manner set forth above within fourteen (14) calendar days after its counsel receives a copy of the witness' statement listing the changes and the reasons for making them. All transcripts and all witness statements listing the changes and reasons therefore will be treated as Confidential until the expiration of the respective periods described in this paragraph. Any portions of a transcript designated as Confidential Material shall thereafter be treated as Confidential in accordance with this Order. The Parties shall negotiate in

good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

5. A party wishing to designate a document as Confidential pursuant to paragraph 1 of this Order shall label as "Confidential" each page of the document on which Confidential Information appears. To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (e.g., native Excel files or database exports), the Designating Party shall add the abbreviation "CONF." to the file name of such documents.

6. In the event a Party challenges another Party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. In that event, it shall be the burden of the Designating Party to show by a preponderance of the evidence that the information is worthy of the Confidential designation. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

7. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting Party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

  d.  Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

  e.  The Court or the jury at trial or as exhibits to motions.

8. Prior to disclosing or displaying the confidential information to any person, counsel shall:

  a.  Inform the person of the confidential nature of the information or documents; and

  b.  Inform the person that this Court has prohibited the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 6(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the Confidential Information may seek appropriate relief from this Court.

10. For the purpose of Paragraphs 6(d) and (e) it is understood by the Parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic

sealing of such documents. Any Party seeking to file Confidential Materials with the Court must contact the Designating Party prior to such filing to: (i) provide the Designating Party with notice that it seeks to file Confidential Materials with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the Confidential Materials can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the Party seeking to file such Confidential Materials shall file such materials in accordance with Local Civil Rule 6.1. The Designating Party shall file a Motion to File Under Seal simultaneously with the other Party's filing and within seven (7) days thereafter shall file a supporting memorandum that complies with the requirements of Local Rule 6.1. The Parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

11. A producing Party that fails to designate Confidential Materials at the time of its production shall be entitled to make a corrected designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of the Confidential Materials, appropriate designated. Upon receipt of the appropriately designated materials, the receiving Party shall certify that the original and all copies of the mis-designated document have been destroyed. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

12. Pursuant to the Court's Pretrial Order and Case Management Plan (Doc. 53), the ultimate disposition of Confidential Materials shall be subject to a final order of the Court upon completion of this litigation.

13. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: April 11, 2016

David S. Cayer
United States Magistrate Judge

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Brown, et al. v. Lowe's Companies, Inc, et al.*, No. 5:13-cv-00079 (W.D.N.C.) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Agreed to by: _____ (print name)

Signature: _____

Date: _____

Signed in the presence of: _____ (Attorney)