**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:13CV79-RLV**

| | | |
|---|---|---|
| **JASON DAVID BROWN,** | § | |
| **LASZLO BOZSO, and** | § | |
| **MERIS DUDZIC,** | § | |
| **individually and on behalf** | § | |
| **of all others similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **LOWE'S COMPANIES, INC., and** | § | |
| **FIRST ADVANTAGE BACKGROUND** | § | |
| **SERVICES CORP. f/k/a** | § | |
| **LEXISNEXIS SCREENING** | § | |
| **SOLUTIONS, INC.** | § | |
| | § | **Jury Trial Demanded** |
| **Defendants.** | § | |

**PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Pursuant to the Stipulation of the Parties under Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Jason David Brown, Laszlo Bozso, and Meris Dudzic, on behalf of themselves and all others similarly situated, file Plaintiffs' Third Amended Class Action Complaint against Lowe's Companies, Inc. and First Advantage Background Services Corp. f/k/a LexisNexis Screening Solutions, Inc. ("LexisNexis" and, collectively with Lowe's, "Defendants"). Plaintiffs allege, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

**I.
NATURE OF THE CASE**

1.     Plaintiffs bring this action against Defendants for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2.     Lowe's operates a chain of retail stores throughout the United States, which it staffs with consumers like Plaintiffs. As part of its hiring process, Lowe's uses criminal-background reports generated by LexisNexis to make employment decisions. Because such employment decisions are based in whole or in part on the contents of the criminal-background reports, Lowe's is obliged to adhere to certain strictures of the FCRA.

3.     Defendant LexisNexis operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). It maintains a FCRA database to prepare and furnish consumer reports for employment and other purposes. LexisNexis provided these consumer reports to prospective and existing employers of Plaintiffs and members of the putative Classes. Many of these employers, like Lowe's, refused to hire or discharged Plaintiffs and other individuals based in whole or in part on the contents of the consumer reports.

4.     Before such consumer reports are procured or caused to be procured, Lowe's must disclose to applicants – ***in a document that consists solely of the disclosure*** – that it may obtain a consumer report for employment purposes.  The applicants must then provide authorization in writing for the procurement of the consumer report by Lowe's. 15 U.S.C. § 1681b(b)(2)(A).

5.     When using criminal-background reports for employment purposes, Lowe's must, before declining employment based in whole or in part on the contents of the report, provide job applicants like Plaintiffs with a copy of their respective reports as well as a written summary of their rights under the FCRA.

6.     Providing a copy of the criminal-background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to provide individuals whose

reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

7.     To complete this process—consideration of the background reports and sending of the mandatory FCRA notices—Lowe's has hired LexisNexis, which operates in this and many instances as both the consumer reporting agency generating the background check as well as the agent of the employer to execute all decisions based on the information contained therein. Further, LexisNexis even goes so far, as in this case, to sell its service of sending the employer's FCRA notices letters, though on faux Lowe's letterhead.

8.     Both Defendants are informed of the necessary rigors FCRA compliance imposes, as the facts alleged in this case have been the subject of extensive litigation against LexisNexis and its predecessor ChoicePoint, in which the agency was required by federal court order to maintain procedures for compliance it apparently has now abandoned. *Beverly v. Wal-Mart Stores, Inc.* (and ChoicePoint), CIV.A. 3:07CV469, (E.D. Va. May 1, 2009) (Dkt. No. 82); *Williams v. LexisNexis Risk Mgmt. Inc.*, CIV.A. 3:06CV241, 2007 WL 2439463 (E.D. Va. Aug. 23, 2007).

9.     Plaintiffs bring nationwide class claims against Lowe's under 15 U.S.C. § 1681b(b)(2)(A) because it failed to obtain proper authorization prior to procuring the Plaintiffs' consumer reports for employment purposes.  The purported authorization form used by Lowe's does not comply with the requirements of Section 1681b(b)(2)(A).

10.    Plaintiffs also bring class claims against Lowe's under 15 U.S.C. § 1681b(b)(3)(A), because it, as an omission in its hiring process and whether by its own conduct or by the conduct of its agent LexisNexis, failed to provide Plaintiffs with a copy of the criminal-background report or a summary of their rights under the FCRA before taking an adverse action against them.

11.     Plaintiffs Brown and Bozso, bring class claims under 15 U.S.C. § 1681k against LexisNexis, the same claims it suffered in a contested class case that was certified, survived Rule 23(f) appeal and then was subsequently settled, because it did not provide Plaintiffs and other similarly situated consumers notice that it was furnishing an employment-purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of an employment report and details necessary to preemptively contact the reporting agency to obtain and, where appropriate, correct inaccuracies in the furnished report. It also is intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. LexisNexis' failure to comply with these longstanding requirements denied the Plaintiffs and each putative Class Member these important rights.

12.     Plaintiff Brown brings an individual claim against LexisNexis under 15 U.S.C. § 1681i because LexisNexis demanded Brown provide it with a copy of his driver's license before it would conduct a reinvestigation of the inaccuracies in Brown's LexisNexis report. Section 1681i(a)(1)(A) imposes upon CRAs like LexisNexis the requirement that they conduct a free reinvestigation of disputed information in a consumer's file. That section does not permit CRAs to condition the reinvestigation on the consumer's providing certain information before the reinvestigation can begin. Since LexisNexis refused Plaintiff Brown's request to reinvestigate the inaccurate information on his report until Plaintiff Brown supplied a copy of his driver's license, LexisNexis violated Section 1681i.

13.     Plaintiffs Brown and Bozso also bring individual claims under 15 U.S.C. § 1681 e(b) against LexisNexis because of inaccuracies contained in their LexisNexis reports. LexisNexis sold to Lowe's a report on Plaintiff Brown that contains criminal history belonging to a different

4

Jason Brown. As to Plaintiff Bozso, LexisNexis sold Lowe's a report on him that indicated a felony conviction but did not also report that the conviction had been overturned on appeal.

14.     Plaintiff Brown brings an additional, alternative individual claim under 15 U.S.C. § 1681i(a)(5)(A)(i), as LexisNexis failed to properly exclude inaccurate information from Mr. Brown's after he disputed that information with LexisNexis. Section 1681i(a)(5)(A)(i) requires that CRAs "promptly delete that [inaccurate] item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation." While LexisNexis deleted from Plaintiff Brown's report the criminal history belonging to the stranger Jason Brown, it also included in the report it reissued to Lowe's the phrase "RECORDS HAVE BEEN REMOVED FROM THIS REPORT AS AN [sic] RESULT OF AN FCRA CONSUMER DISPUTE, SEE TARRANT, TX."  Thus, though it may have removed the inaccurate criminal information, LexisNexis' inclusion of this phrase still suggests that Plaintiff Brown has a criminal history when he in fact does not.

15.     Plaintiff Dudzic brings no claims against LexisNexis, either individually or as the representative of a class.

16.     The FCRA imposes upon LexisNexis the obligation to maintain systems to ensure the maximum possible accuracy of the information that it puts into consumer reports. Since LexisNexis mixed information belonging to another Jason Brown and failed to include the entire history of Plaintiff Bozso's felony, its system falls short of this requirement. LexisNexis' misreporting of this information denied Plaintiffs the benefit of this valuable right.

## II.
## PARTIES

17.     Plaintiff Jason D. Brown is a "consumer" as protected and governed by the FCRA.

18.     Plaintiff Laszlo Bozso is a "consumer" as protected and governed by the FCRA.

19.     Plaintiff Meris Dudzic is a "consumer" as protected and governed by the FCRA.

20.     Defendant Lowe's Companies, Inc. is a North Carolina corporation that sells its products throughout the United States, including within this District and Division.

21.     Defendant LexisNexis Screening Solutions, Inc. sells its products and services throughout the United States, including within this District and Division.

### III.
### JURISDICTION AND VENUE

22.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

23.     Venue is proper in this Court because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. 28 U.S.C. § 1391(b)(2).

24.     Venue is also proper in this Court because Lowe's and LexisNexis can be found in this District. 28 U.S.C. § 1391(b)(3). Among other things, Lowe's maintains its corporate headquarters in this District and Division, and LexisNexis regularly sells its products and services in this District and Division. Substantial, if not most relevant activity in this case— Lowe's receipt and use of Plaintiffs' consumer reports—occurred in this District and Division.

### IV.
### FACTUAL ALLEGATIONS

25.     LexisNexis furnished consumer reports concerning Plaintiffs to Lowe's and, upon information and belief, supplied additional consumer reports to third-party employers for employment purposes, which are also the subject of this suit.

26.     During the FCRA statute-of-limitations period, LexisNexis was a "consumer reporting agency" as defined by the FCRA.

6

27.     During the FCRA statute-of-limitations period, LexisNexis was regularly engaged in the business of assembling, evaluating, and disbursing public-record information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681 a(d), to third parties.

28.     At all times relevant hereto, employers like Lowe's—to whom LexisNexis sold consumer reports about class members for employment purposes—were "users" of those consumer reports, as governed by the FCRA.

A.     **Facts Particular to Plaintiff Jason D. Brown**

29.     Plaintiff Jason D. Brown applied for a position as an Assistant Store Manager at a Lowe's store in Denton, Texas, on May 16, 2011. At the time he applied, Brown provided Lowe's with his driver's license and Social Security Number.

30.     As part of its hiring process, Lowe's orders consumer reports from LexisNexis. Lowe's sought authority to obtain Brown's consumer report via a form identical to the one attached as Exhibit A.  This form does not provide, in a stand-alone document, the clear and conspicuous disclosure required by 15 U.S.C. § 1681b(b)(2)(A).

31.     Lowe's purchased from LexisNexis a consumer report on Brown on or about May 18, 2011. Relying on the consumer report, Lowe's communicated to Brown, by phone on May 20, that it could no longer consider him a candidate for the job.

32.     Lowe's, either directly or through LexisNexis as its agent, did not provide Brown with a copy of the consumer report or written summary of his rights under the FCRA before or even at the time it informed him that he would not be hired.

33.     The report that LexisNexis furnished on Brown contained several entries of criminal history information that belong to a different Jason Brown. The first time that Brown

7

learned of the contents of the subject consumer report was on May 23, 1011, when he received two copies of the report in the mail, one copy purportedly from Lowe's, and one from LexisNexis.

34.     LexisNexis did not attempt to and did not comply with the "strict procedures" option provided at 15 U.S.C. § 1681k(a)(2) for the Plaintiffs.

35.     The package that Brown received from Lowe's on May 23, 2011 contained his consumer report and Summary of Rights under the FCRA. Of course, this information arrived several days *after* LexisNexis provided the report to Lowe's and Lowe's informed Brown that it would not hire him.

36.     Further, on information and belief, Plaintiffs allege that this hire versus fire adverse action actually occurred almost immediately upon the communication of Plaintiffs' information to LexisNexis by Lowe's, as LexisNexis itself was tasked with the "adjudication" of whether or not to disqualify an applicant based on the content of the report using predefined Lowe's criteria. Such process is automated and involves limited, if any, human discretion, and for most similarly situated consumers, no discretion by Lowe's.

37.     Thus, the date of the "adverse action" against Plaintiffs was the date that LexisNexis first created and instantly "adjudicated" his application. No further discretionary action was taken by Lowe's after that moment.

38.     When Brown reviewed the report and noticed it contained criminal history that did not belong to him, he contacted LexisNexis to have it reinvestigate and correct the inaccuracies. LexisNexis informed Brown that he would have to fax LexisNexis a copy of his driver's license before it would begin any reinvestigation of his background.

39.     Brown followed LexisNexis' instructions regarding the reinvestigation process, but LexisNexis would not begin the reinvestigation until Brown sent LexisNexis a copy of his driver's license. This delayed the resolution of Plaintiff's meaningful dispute.

40.     Once LexisNexis competed its reinvestigation, however, it failed to accurately and adequately communicate the results to Lowe's. LexisNexis issued to Lowe's a new report that excluded the criminal history of the stranger Jason Brown but, in addition, included the phrase "RECORDS HAVE BEEN REMOVED FROM THIS REPORT AS AN [sic] RESULT OF AN FCRA CONSUMER DISPUTE, SEE TARRANT, TX." This statement suggests to the reasonable reader that information that LexisNexis feels should have been reported has been deleted, leaving the reader to speculate as to what that information might be. The FCRA is more specific, requiring CRAs to delete information they conclude, after reinvestigating, is inaccurate. 15 U.S.C. § 1681i(a)(5)(A)(i). LexisNexis' statement to Lowe's falls short of the complete deletion of the inaccurate criminal history by suggesting that some criminal history exists.

**B.     Facts Particular to Plaintiff Laszlo Bozso**

41.     Bozso applied for a sales position at Lowe's using an Internet-based application procedure.

42.     As part of its hiring process, Lowe's orders consumer reports from LexisNexis. Lowe's sought authority to obtain Bozso's consumer report via a form identical to the one attached as Exhibit A. This form does not provide, in a stand-alone document, the clear and conspicuous disclosure required by 15 U.S.C. § 1681b(b)(2)(A).

43.     On June 15, 2011, Lowe's ordered from LexisNexis a background report on Bozso.

44.     LexisNexis provided Lowe's with the report on Bozso on June 20, 2011.

9

45. Based on information contained in the LexisNexis report, Lowe's refused to hire Bozso.

46. Bozso alleges on information and belief that Defendants used the same business process for "adjudicating" his employment application as with Brown.

47. The LexisNexis report on Bozso indicated that he had been convicted of a felony in Ohio in 1999, but it failed to also show that this conviction was overturned on appeal in 2000.

48. Despite providing Lowe's with a report on Bozso that contained a felony criminal conviction, LexisNexis did not, at the time it provided Lowe's with the report, also provide Bozso with notice that it was doing so.

49. Lowe's denied Bozso employment without first providing him with a copy of the report on which the decision was based or a summary of his FCRA rights.

C. **Facts Particular to Plaintiff Meris Dudzic**

50. In May of 2008, Dudzic sought employment with Lowe's.

51. As part of the hiring process, Lowe's orders consumer reports from LexisNexis. Lowe's sought authority to obtain Dudzic's consumer report via a form identical to the one attached as Exhibit A. This form does not provide, in a stand-alone document, the clear and conspicuous disclosure required by 15 U.S.C. § 1681b(b)(2)(A).

52. Lowe's accessed and used a background check provided by LexisNexis Screening Solutions concerning Dudzic on May 21, 2008.

53. After reviewing the report, Lowe's took an adverse employment action—refusing to hire Dudzic—based in whole or in part on the contents of the report.

54. Dudzic alleges on information and belief that Lowe's used the same business process for "adjudicating" her employment application as with Brown and Bozso.

55.     Although it refused to hire her, Lowe's failed to first provide to Dudzic a copy of the report or a written description of her rights under the FCRA.

56.     Dudzic obtained a copy of the report on which Lowe's based its decision sometime after Lowe's refused to hire her.

57.     Since Lowe's took the adverse action against Dudzic before providing her with a complete copy of the report and a summary of her FCRA rights, Dudzic was deprived of the right to dispute and correct the inaccurate, derogatory information contained in the report.

**D.     Lowe's and LexisNexis' Practices and Policies**

58.     Lowe's has created and implemented national, uniform hiring and staffing policies, procedures, and practices under which its stores operate.

59.     Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

60.     Lowe's routinely obtains and uses consumer reports to screen prospective employees.

61.     As a matter of practice, Lowe's seeks authority from prospective or current employees to obtain a consumer report via the form attached as Exhibit A. This form violates 15 U.S.C. § 1681b(b)(2)(A), which requires employers to provide a clear and conspicuous written disclosure, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes *before* the report is procured.

62.     The untitled form is neither clear nor conspicuous and does not consist *solely* of the disclosure. Instead, the form contains unlawful superfluous language including: (i) the applicant's certification that the facts set forth in the employment application are true and accurate; (ii) a release and waiver of liability; (iii) the applicant's acknowledgement that a drug test is required

11

for employment; (iv) the applicant's acknowledgement of "at-will" employment; and (v) an acknowledgement that Lowe's is an "equal opportunity employer."

63.     As a matter of practice, Lowe's use of this form disregards the plain language of Section 1681b(b)(2)(A) and clear guidance from the promulgations of the Federal Trade Commission. Also as part of its routine practice, Lowe's includes this standardized form in its application materials and requires that it be executed by all members of the Lowe's Disclosure Class defined below.

64.     As a matter of practice, Lowe's regularly fails to provide copies of consumer reports to job applicants against whom it takes an adverse action based in whole or part on consumer reports before taking that adverse action.

65.     As a matter of practice, Lowe's regularly fails to provide copies of the FTC notice of rights to job applicants against whom it takes an adverse action based in whole or part on consumer reports before taking that adverse action.

66.     As a matter of course, Lowe's uses the same business process for obtaining and using consumer reports, and for the "adjudication" of employment applications as it did with Brown, Bozso, and Dudzic.

67.     As a result of these FCRA violations, Lowe's is liable to Plaintiffs, and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

68.     As a result of its own, independent FCRA violations, LexisNexis is liable to Plaintiffs Brown and Bozso, and to each Class Member, for statutory damages from $100 to $1,000

pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

69.     Further, LexisNexis is liable to Plaintiffs Brown and Boszo for their actual damages resulting from the inaccuracies contained in their LexisNexis reports, as well as attorneys' fees and costs. 15 U.S.C. § 1681o.

**E.     Litigation of Similar Claims Against LexisNexis**

70.     In 2008, LexisNexis settled an earlier class action lawsuit, *Williams v. LexisNexis Risk Management, Inc.*, No. 3:06-cv-00241-REP (E.D. Va.), for the very conduct alleged in this case relating to its onerous reinvestigation process.

71.     The relevant class definition in *Williams*, identifying those consumers who released their reinvestigation claims against LexisNexis, and who are therefore excluded from the class (defined below) for this case, was:

> All natural persons residing in the United States who were the subject of a consumer report prepared by Defendant within 2 years prior to the filing of this complaint for whom Defendant refused to conduct a reinvestigation of a dispute until and unless the consumer provided with his or her dispute photocopies of two forms of identification.

72.     In addition to settling class claims similar to those alleged by Brown for its reinvestigation process, LexisNexis also settled class claims for its failure to provide the proper notice to consumers about whom it furnished reports in *Williams*.

73.     The other relevant class definition in *Williams*, identifying those consumers who may have released their notice claims against LexisNexis, and who are therefore excluded from the class (defined below) in this case, was:

> All natural persons residing in the United States who were the subject of a consumer report furnished by Defendant for employment purposes and which for that purpose compiled and reported items of information on consumers which were matters of

public record and were likely to have an adverse effect upon a consumer's ability to obtain employment, within 2 years prior to the filing of this complaint, and to whom Defendant did not provide notice that it was furnishing a consumer report on them prior to or contemporaneously with its provisions of the report.

74. In fact, LexisNexis paid a substantial amount of each consumer in these classes, especially to those who had prosecuted the comparable Section 1681 i(a) claim, who each received $1,000 without the need to file a claim, and net of attorneys' fees.

75. Additionally, at the same time that the *Williams* case was resolved, LexisNexis purchased an industry competitor, ChoicePoint, and absorbed the entity—and its full compliance and legal team—into LexisNexis' business.

76. Literally the same week that LexisNexis announced its merger-purchase of ChoicePoint, the companies caused the settlement of a class action regarding the same business process used by then ChoicePoint and present LexisNexis. The case was pending in this Court, but then transferred to the Eastern District of Virginia for consolidation with the employer case, which had also settled. *Beverly v. ChoicePoint, Inc.*, CIV.A. 3:08-cv-59 (W.D.N.C.).

77. At the time of this settlement and earlier litigation, Lowe's used ChoicePoint to conduct its background checks and employment application adjudication. As with LexisNexis today, in 2008, ChoicePoint also was responsible for mailing the various notice letters required of an employer by the FCRA.

78. In conjunction with the settlement, the United States District Court for the Eastern District of Virginia ordered:

> Consistent with this Court's previous ruling dated January 11, 2008, within a reasonable period of time after entry of this Order, ChoicePoint shall conform is business practices so that the mailing of Adverse Action notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Preadverse Action Notices.

14

79.     Because of these earlier lawsuits, LexisNexis knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

80.     LexisNexis obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these mandates.

81.     Further, on information and belief, Plaintiffs allege that Lowe's was aware of the previous litigation and results as to LexisNexis and ChoicePoint.

82.     Despite knowing of these legal obligations, LexisNexis and Lowe's acted willfully in breaching their known duties and depriving Plaintiffs and other members of the Classes of their rights under the FCRA.

## IV.
## CLASS ACTION ALLEGATIONS

**A.     Plaintiff's Proposed Lowe's Classes**

**1.     The 1681b(b)(2) Lowe's Disclosure Class**

83.     Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b(b)(2)(A), Plaintiffs bring this action for themselves and on behalf of a class ("The 1681b(b)(2) Lowe's Disclosure Class"), defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application or other request for placement to Lowe's, and (b) who were the subject of a consumer report procured by Lowe's for employment purposes during the FCRA statute of limitations period, 15 U.S.C. § 1681p.

84.     Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Lowe's releases of all their claims

15

for all of their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

### 2. The 1681b(b)(3) Lowe's Pre-Adverse Action Subclass

85.    Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b(b)(3)(A), Plaintiffs bring this action for themselves and on behalf of a subclass ("the 1681b(b)(3) Lowe's Pre-Adverse Action subclass"), defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application or other request for placement to Lowe's, (b) who were the subject of a consumer report which was used by Lowe's or its agent to make an employment decision regarding such person during the FCRA statute of limitations period, 15 U.S.C. § 1681p, (c) for whom that decision was either a rejection or a delay of the employment, and (d) who were not provided a copy of that consumer report and/or the mandatory disclosures required in 15 U.S.C. § 1681b(b) before that employment decision.

86.    Specifically excluded from this Subclass are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Lowe's releases of all their claims for all of their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

### B.    Plaintiff's Proposed LexisNexis Classes

### 1.    The 1681k Notice Class

87.    Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681k, Plaintiffs Brown and Bozso bring this action for themselves and on behalf of a class ("the 1681k Notice Class") defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a LexisNexis consumer report issued after June 1, 2009 and furnished to a third party, (b) that was furnished for an employment purpose, (c) that contained at least one public

16

record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, and (d) to whom LexisNexis did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

88.     Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to LexisNexis releases of all their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

### 2.     The 1681k Lowe's Subclass

89.     Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681k, Plaintiffs Brown and Bozso bring this action for themselves and on behalf of a class ("the 1681k Lowe's Subclass") defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a LexisNexis consumer report (b) identifying a Lowe's entity as the recipient or user (c) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, (d) that was furnished for an employment purpose, (e) on or after June 1, 2009 and during the pendency of this case, and (f) to whom LexisNexis did fail to mail (place in the United States mail postage prepaid) a written notice that it was furnishing the subject report on the day it furnished the report.

90.     Specifically excluded from this Subclass are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to LexisNexis releases of all their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

17

C.     **Rule 23(a) Prerequisites**

91.     **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiffs do not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least thousands of members and are geographically dispersed throughout the country as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

92.     **Commonality.** Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Lowe's provided the required notices, when it did so, and whether Lowe's acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Similarly, the litigation will target whether LexisNexis sent the required notices, when it did so, and whether LexisNexis acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Further, Brown's claims will focus on LexisNexis's uniform procedures (or lack thereof) for conducting reinvestigations of disputed information on LexisNexis reports. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of each of the Classes.

93.     **Typicality.** Plaintiffs' claims are typical of the other Class Members' claims. As described above, Defendants use common practices and automated systems in committing the conduct that Plaintiffs allege damaged them and the Classes. Plaintiffs seek only statutory and punitive damages for their classwide claims and, in addition, Plaintiffs are entitled to relief under

18

the same causes of action as the other members of the Classes. Defendants uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

94. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs' interests coincide with, and are not antagonistic to, other Class Members' interests. Additionally, Plaintiffs have retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiffs' Counsel have prosecuted complex FCRA class actions across the country.

## C. Rule 23(b) Prerequisites

95. Questions of law and fact common to the Classes predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Classes to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of the Defendants to give Class Members the proper notice. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

96. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the

class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## V.
## CAUSES OF ACTION

### Count 1: (CLASS CLAIM) Lowe's Violations of 15 U.S.C. § 1681b(b)(2)(A)

97.     Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

98.     Lowe's failure to provide members of the 1681b(b)(2) Lowe's Disclosure Class with a "clear and conspicuous" disclosure in a document that "*consists solely of the disclosure*" violated 15 U.S.C. § 1681b(b)(2)(A).

99.     Likewise, Lowe's violated 15 U.S.C. § 1681b(b)(2)(A) by obtaining consumer reports on members of the 1681b(b)(2) Lowe's Disclosure Class without the proper written authorization since the legally mandated disclosures were not made.

100.    The conduct, action, and inaction of Lowe's were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.    Plaintiffs and other members of the putative Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Lowe's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### Count 2: (CLASS CLAIM) Lowe's Violations of 15 U.S.C. § 1681b(b)(3)(A)

102.    Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

103.     Lowe's failure to provide members of the 1681b(b)(3) Lowe's Pre-Adverse Action Subclass with a copy of the consumer report upon which it based its decision to take the adverse action prior to taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(i).

104.     Likewise, Lowe's failure to provide members of the 1681b(b)(3) Lowe's Pre-Adverse Action Subclass the mandated FTC Summary of FCRA Rights prior to taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

105.     The conduct, action, and inaction of Lowe's were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106.     Plaintiffs and other members of the putative Subclass are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Lowe's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## Count 3: (CLASS CLAIM) LexisNexis' Violation of 15 U.S.C. § 1681k(a)(1)

107.     Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

108.     The consumer reports of the named Plaintiffs Brown and Bozso and of each member of the 1681k Notice Class were furnished for an employment purpose and contained one or more public records of the type that may affect an employer's hiring decision.

109.     As to the named Plaintiffs Brown and Bozso and the 1681k Notice Class, LexisNexis uniformly fails to comply with the rigors of FCRA Section 1681k(a)(2) and therefore must necessarily rely on its compliance with Section 1681k(a)(1).

110.     LexisNexis' failure to timely provide the required FCRA notices to Plaintiffs Brown and Bozso and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

111.    The conduct, action, and inaction of LexisNexis were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.    Plaintiffs Brown and Bozso and other members of the putative Classes are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Count 4: (INDIVIDUAL CLAIM) LexisNexis' Violation of 15 U.S.C. § 1681i**

113.    Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

114.    LexisNexis' failure to conduct, after adequate notice of disputed information from Plaintiff Brown, a reinvestigation without him first providing LexisNexis with its proprietary form and/or some written form of identification violates 15 U.S.C. § 1681i(a).

115.    As a result of this conduct by the LexisNexis Plaintiff Brown suffered actual damages, including without limitation, by example only and as described herein on his behalf by Counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

116.    Plaintiff Brown is entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Count 5: (INDIVIDUAL CLAIM) LexisNexis' Violation of 15 U.S.C. § 1681e(b)**

117.    Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

118.    Plaintiffs Brown and Bozso bring this claim for themselves individually.

119.     LexisNexis' failure to exclude from Plaintiff Brown's report derogatory information belonging to a different Jason Brown caused Lowe's to deny Plaintiff Brown employment.

120.     LexisNexis' failure to indicate on Plaintiff Bozso's report that his felony conviction was overturned on appeal caused Lowe's to deny Plaintiff Bozso employment.

121.     Had LexisNexis employed, as the FCRA requires, "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiffs' reports would not have included this derogatory, and inaccurate, information.

122.     Failure to employ such procedures violates 15 U.S.C. § 1681e(b), entitling Plaintiffs to actual damages for this failure under 15 U. S.C. § 1681o.

123.     As a result of this conduct by the Defendant Plaintiffs Brown and Bozso suffered actual damages, including without limitation, by example only and as described herein on their behalf by Counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

124.     Plaintiffs are also entitled to recover costs and attorneys' fees as well as appropriate equitable relief from LexisNexis in an amount to be determined by the Court pursuant to 15 U. S.C. § 1681o.

**Count 6: (INDIVIDUAL CLAIM) LexisNexis' Violation of 15 U.S.C. § 1681i(a)(5)(A)(i)**

125.     Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

126.     Plaintiff Brown brings this claim for himself individually.

127.     LexisNexis' failure, after reinvestigation, to exclude from Plaintiff Brown's report any mention of its improperly reported criminal history constitutes an improper reinsertion of information known to be inaccurate.

128.     Once it verified that the criminal history attributable to the stranger Jason Brown was improperly included in Plaintiff Brown's original report, LexisNexis should have issued a new report containing mo mention of criminal history whatsoever. Instead, LexisNexis furnished to Lowe's a report that included the statement "RECORDS HAVE BEEN REMOVED FROM THIS REPORT AS AN [sic] RESULT OF AN FCRA CONSUMER DISPUTE, SEE TARRANT, TX." Such a reference to non-existent criminal history violates 15 U.S.C. § 1681i(a)(5)(A)(i), entitling Plaintiff Brown to actual damages for this failure under 15 U. S.C. § 1681o.

129.     As a result of this conduct by the Defendant Plaintiff Brown suffered actual damages, including without limitation, by example only and as described herein on their behalf by Counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

130.     Plaintiff Brown is also entitled to recover costs and attorneys' fees as well as appropriate equitable relief from LexisNexis in an amount to be determined by the Court pursuant to 15 U. S.C. § 1681o.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class Members pray for relief as follows:

1.     That an order be entered certifying the proposed Classes and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Classes;

2.      That judgment be entered for the proposed Classes and Subclasses against Defendants for statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681k(a) and 1681b pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o;

3.      That judgment be entered for Plaintiffs individually against LexisNexis for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681i(a)(5)(A)(i), pursuant to 15 U.S.C. §§ 1681n and 1681o; and

4.      That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## VII.
## TRIAL BY JURY

Plaintiffs hereby request a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: April 14, 2016

Respectfully submitted,

By:          /s/ Brett E. Dressler

Brett E. Dressler (N.C. Bar No. 34516)
**SELLERS, HINSHAW, AYERS, DORTCH & LYONS, P.A.**
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172

Michael A. Caddell (*pro hac vice*)
Cynthia B. Chapman (*pro hac vice*)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston, TX 77010-3027
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Leonard A. Bennett (N.C. Bar No. 21576)
Craig C. Marchiando (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Matthew A. Dooley (*pro hac vice*)
Anthony R. Pecora (*pro hac vice*)
**O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA, CO. LPA**
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Fax: (440) 934-7208

Ian B. Lyngklip (*pro hac vice*)
**LYNGKLIP & ASSOCIATES CONSUMER LAW CENTER, PLC**
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
Telephone: (248) 208-8864
IanLyngklip@Att.Net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court

for the Western District of North Carolina, Statesville Division, by using the CM/ECF system.

The CM/ECF system sent notice of this filing to the following Counsel of Record:

Brent Alan Rosser
Hunton & Williams
101 South Tryon Street
Suite 3500
Charlotte, NC 28280
704-378-4707
Fax: 704-331-5146
Email: brosser@hunton.com

Kevin James White
Robert T. Quackenboss
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
202-955-1886
Fax: 202-778-2201
Email: kwhite@hunton.com

***Counsel for Defendant***
***Lowe's Companies, Inc.***

C. Knox Withers
Henry R. Chalmers
Arnall Golden Gregory, LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
404-873-8129
Fax: 404-873-8130
Email: knox.withers@agg.com

Jeffrey S. Jacobovitz
Arnall Golden Gregory, LLP
1775 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
202-677-4056
Fax: 202-677-4057
Email: jeffrey.jacobovitz@agg.com

Pearlynn Gilleece Houck
Robert Walker Fuller, III
Robinson, Bradshaw & Hinson, PA
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
704-377-8396
Fax: 704-373-3996
Email: phouck@rbh.com

***Counsel for Defendant***
***LexisNexis Screening Solutions, Inc.***

_____/s/ Brett E. Dressler_____
Brett E. Dressler