IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JASON DAVID BROWN, LASZLO BOZSO, ) <br> and MERIS DUDZIC, individually and on ) <br> behalf of all others similarly situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOWE'S COMPANIES, INC., and ) <br> LEXISNEXIS SCREENING SOLUTIONS, ) <br> INC. ) <br> ) <br>     Defendants. ) <br> _____) <br> APRIL INGRAM-FLEMING, individually ) <br> and on behalf of all others similarly situated, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOWE'S HOME CENTERS, LLC, d/b/a ) <br> LOWE'S, ) <br> ) <br>     Defendant. ) <br> _____) | Civil Action No.: <br> **5:13-CV-00079-RLV-DSC** <br> **(consolidated case number)** |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

This matter is before the court on a motion for final approval of class action settlement filed by the Plaintiffs, Jason Brown, Laszlo Bozso, Meris Dudzic and April Ingram-Fleming ("Plaintiffs"), and consented to by the Defendant, Lowe's Companies, Inc. ("Lowe's" or "Defendant") (jointly referred to as the "Parties").[1] The Parties have submitted a Settlement

---

[1] All references to "Lowe's" herein are deemed to include both the Defendant Lowe's Companies, Inc. named in the *Brown* case and "Lowe's Home Centers, LLC, d/b/a Lowe's" named

Agreement and Release ("Settlement Agreement") that the court has reviewed. The Court finds that the settlement falls within the range of reasonability and should receive final approval.

Upon consideration of Plaintiffs' motion for final approval of class action settlement filed May 23, 2016 (Doc. No. 127), the Settlement Agreement filed on December 7, 2015 (Doc. No. 97-1), the exhibits to the Settlement Agreement, as well as all other exhibits, pleadings, submissions and filings in this action, including Plaintiffs' motion for approval of attorneys' fees and expenses (Doc. No. 129), and the arguments presented to the Court at the final approval hearing held on June 6, 2016, the Court makes the following findings and it is ORDERED that Plaintiffs' motions for final approval of class action settlement and for approval of attorneys' fees and expenses are **GRANTED** as follows:

1. This Court's Order (Doc. No. 105) granting Plaintiffs' motion for preliminary approval of class action settlement (Doc. No. 96), preliminarily certified and ordered that notice of the settlement be directed by the claims administrator to the following class: "All natural persons residing in the United States (including all territories and other political subdivisions) (a) who submitted an employment application to Lowe's, and (b) who were the subject of a consumer report procured by Lowe's for employment purposes between (1) October 9, 2012 and May 6, 2015, or (2) October 9, 2012 and July 5, 2015, if he or she applied for employment at Lowe's corporate headquarters through an external source, or (3) October 9, 2012 and July 9, 2015, if he or she applied for employment with Lowe's corporate headquarters at a kiosk." (Doc. No. 105, p. 2). Excluded from the class are all counsel of record, and any judge or magistrate assigned to this matter together with their immediate family members and judicial staff. In addition, the Court finds that excluded from the settlement class are all individuals who timely exercised their rights

---

in the *Ingram-Fleming* case.

under Federal Rule of Civil Procedure 23 to opt out of this settlement.

2. The proposed resolution of this litigation includes the award of benefits for eligible class members including gift cards or cash payments to qualified settlement class members who submit appropriate election forms. Settlement amounts shall be calculated by the Claims Administrator with the review and consent of the Parties and pursuant to the benefit methodology set forth in the Settlement Agreement. Settlement awards in the form of gift cards and checks will be mailed by the Claims Administrator to eligible class members.

3. For purposes of settlement only, final certification of the above-defined class is granted and the Court makes the following findings pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

a. The settlement class consists of thousands of individuals, and joinder of all members is impracticable;

b. There exist questions of fact and law common to the settlement class members;

c. The claims of the named plaintiffs are typical of the claims of the settlement class members;

d. The named plaintiffs and class counsel will fairly and adequately protect the interests of the settlement class;

e. The questions of law or fact that are common to settlement class members, and which are relevant for settlement purposes, predominate over questions affecting only individual settlement class members; and

f. Resolution of this litigation in the manner proposed by the Parties' Settlement Agreement is superior to other available methods for a fair and efficient adjudication of this litigation.

4. Settlement class members were provided with notice of the settlement in the manner and form set forth in the Settlement Agreement, as reflected in the submissions by class counsel and the Claims Administrator. Notice was also provided to pertinent state and federal officials. The notice plan was reasonably calculated to give actual notice to settlement class

members of their right to receive benefits from the settlement or to be excluded from the settlement or object to the settlement. The notice plan met the requirements of Rule 23 and due process.

5. The settlement is entitled to an initial presumption of fairness. It was reached following meaningful litigation, discovery, investigation, mediation and negotiation conducted by class counsel. The settlement is the result of adversarial, arm's-length negotiations between the parties and the terms and conditions of the settlement are fair, adequate and reasonable when balanced against the risks of further litigation on the released claims. At the time the settlement was negotiated, counsel were reasonably able to evaluate their respective positions. The settlement will avoid substantial additional costs to all parties as well as the delay and risks that would be presented by further prosecution of this litigation.

6. The Court finds that the settlement is fair, reasonable and adequate. Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the Settlement Agreement is finally approved and shall be consummated in accordance with its terms.

7. In reaching this conclusion, the Court considered, *inter alia*, the following: evidence regarding plaintiffs' case; the complexity, expense and likely duration of further litigation on the released claims; the stage of the proceedings including the extent of investigation and discovery completed; the risks of establishing liability, proving damages and maintaining the class action through a trial; and the range of reasonableness of the settlement in light of the best possible recovery and the attendant risks of litigation.

8. The Court also considered the reaction of the class to the settlement, including written and oral objections to the settlement, finding that each of the objections presented to the Court is **OVERRULED**.

9. The Court also considered valid requests for exclusion from the settlement

4

submitted by the settlement class members and identified in Exhibit B to the Declaration of Steve Platt of American Legal Claims Service, filed as part of the final approval motion on May 23, 2016 (Doc. No. 128-1).  The Court hereby grants their requests for exclusion.  Their rights shall not be affected by the settlement and they shall not receive any of the benefits of the settlement.

10. Upon entry of this Order, the settlement class members, except for those set forth above who returned valid requests for exclusion, shall be bound by the terms set forth in the Settlement Agreement. They shall be deemed to have released their claims as set forth in the Settlement Agreement.

11. The Court finally approves the method of allocation and distribution of the settlement fund set forth in the Settlement Agreement, which includes provisions for the payment of Claims Administrator expenses, dissemination of class notice, distribution of gift card and check awards to eligible class members, as well as the awarding of attorneys' fees and costs, and incentive fees to the named Plaintiffs, all as approved by the Court.

12. The Court finally appoints Caddell & Chapman, Consumer Litigation Associates, P.C., O'Toole, McLaughlin, Dooley & Pecora, Co., LPA, Lyngklip & Associates Consumer Law Center, PLC, Sellers, Ayers, Dortch & Lyons, P.A., Wenzel, Fenton, Cabassa, P.A., and Wallace & Graham, P.A. as class counsel for the settlement class.

13. With respect to Plaintiffs' motion for approval of attorneys' fees and expenses (Doc. No. 129), the Court finds that this case warrants the requested award of attorneys' fees, costs and expenses to class counsel to be calculated based on one-third of the maximum settlement amount as described in the Settlement Agreement.

14. The Court finally appoints Plaintiffs Jason Brown, Laszlo Bozso, Meris Dudzic and April Ingram-Fleming as the class representatives.  The Court grants Plaintiffs' request for service

awards from the settlement fund in the requested amounts to each to the class representatives and finds that these service awards are fair and reasonable.

15. The Court finally appoints American Legal Claims Service, LLC as the claims administrator to perform the duties assigned to them in the Settlement Agreement. Further, the Court approves payments to the claims administrator for the costs of notice and claims administration, including the claims administrator's own fees.

16. Under Fed. R. Civ. P. 54(b), the Court enters final judgment on and dismisses with prejudice all claims asserted by Plaintiffs and the settlement class that are released pursuant to paragraphs 9.1 and 1.31 of the Settlement Agreement, including all claims against Lowe's pursuant to § 1681b(b)(2) of the federal Fair Credit Reporting ("FCRA") and FCRA state equivalents. As stated in the Settlement Agreement, the release does not include First Advantage Corporation or LexisNexis Screening Solutions, Inc. and does not include any claim brought under 15 U.S.C. § 1681b(b)(3). Further, the Court rules that this final judgment shall not bind any settlement class members who timely opted out. All claims not dismissed herein are preserved and shall remain pending. The Clerk of the Court is ordered to enter this final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to all claims against Defendant Lowe's pursuant to § 1681b(b)(2) of the federal FCRA and FCRA state equivalents.

17. Neither this order, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with them shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Lowe's, or the truth of any of the claims or allegations contained in the Complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by any party, wither in this litigation or in any other action or proceeding,

nor shall the Settlement Agreement be used or referred to in any subsequent motion for class certification made by any party to this litigation.

18. In the event the settlement does not become final in accordance with its terms, this order shall be rendered null and void, shall be vacated, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. Without in any way affecting the finality of this order and final judgment as to the Parties with regard to the settled claims, the Court retains and reserves jurisdiction over the litigation and the parties to the settlement to enter any future orders as may be necessary for the implementation, enforcement, construction and interpretation of the Settlement Agreement as to the settled claims, and retains jurisdiction over the pending claims that have not been dismissed herein.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. No. 127) is hereby **GRANTED**; and

(2) The Plaintiffs' Unopposed Motion for Attorney's Fees and Costs, and Class Representative Service Awards (Doc. No. 129) is hereby **GRANTED**.

**SO ORDERED**.

Signed: June 21, 2016

Richard L. Voorhees
United States District Judge