IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JASON DAVID BROWN, LASZLO BOZSO, and MERIS DUDZIC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S COMPANIES, INC., and LEXISNEXIS SCREENING SOLUTIONS, INC. <br><br> Defendants. | No. 5:13-CV-00079-RLV-DSC <br> (consolidated case number) |
| APRIL INGRAM-FLEMING, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, d/b/a LOWE'S, <br><br> Defendant. | |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

This matter is before the court on a Joint Motion for Preliminary Approval of Class Action Settlement (the "Motion") by the Plaintiffs, Jason Brown, Laszlo Bozso, and April Ingram-Fleming, and Defendant, Lowe's Companies, Inc. ("Lowe's" or "Defendant") (jointly referred to as the "Parties"). The Parties have submitted a Settlement Agreement and Release ("Settlement Agreement") that the Court has reviewed. The Court finds that the settlement falls within the range of reasonability and is appropriate for preliminary approval.

Based upon the Settlement Agreement, the record and exhibits herein, it appears to the Court that upon preliminary examination, the proposed settlement appears to be fair, reasonable, and adequate. A hearing on the matter to consider its final approval (the "Final Fairness Hearing" or "Final Approval Hearing") shall be held on **October 31, 2016**, at **3:00 p.m.**, after notice to the Class Members, at which time the Court will determine whether the proposed settlement is fair, reasonable, and adequate, to determine whether a final Order and Judgment should be entered in this Lawsuit. It is hereby **ORDERED**:

1. The Court has jurisdiction over the subject matter of this lawsuit and over all settling parties hereto.

2. **Class Members of Rule 23(b)(3) Class:** Pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(1)(B), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class, referred to as the "Pre-Adverse Action Settlement Class," with the constituent class members known as "Pre-Adverse Action Class Members":

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application to Lowe's, (b) who were the subject of a consumer report which was used by Lowe's or its agent to make an employment decision regarding such person between May 16, 2011 and February 3, 2015, (c) for whom that decision was either a rejection or a delay of the employment, and (d) who were not provided a copy of that consumer report and/or the mandatory disclosures required in 15 U.S.C. § 1681b(b)(3) before that employment decision was adjudicated.
>
> Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; and (c) all persons who have previously executed and delivered to Lowe's releases of all their claims or all of their Pre-Adverse Action Settlement Class claims.

3. **Class Representative and Class Counsel:** Pursuant to Fed. R. Civ. P. 23, the Court designates Plaintiffs Jason Brown, Laszlo Bozso, and April Ingram-Fleming as the Class Representatives. The Court preliminarily appoints Caddell & Chapman, Consumer Litigation

Associates, P.C., O'Toole, McLaughlin, Dooley & Pecora, Co., LPA, Lyngklip & Associates Consumer Law Center, PLC, Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., Wenzel, Fenton, Cabassa, P.A., and Wallace & Graham, P.A. as Class Counsel.

4. **Preliminary Class Certification of the Pre-Adverse Action Settlement Class:** The Court preliminarily finds that, for settlement purposes only, this lawsuit and the Pre-Adverse Action Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   A. The Pre-Adverse Action Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable (Fed. R. Civ. P. 23(a)(1));

   B. There are questions of law and fact common to the Pre-Adverse Action Class Members, which predominate over any individual questions (Fed. R. Civ. P. 23(a)(2) and (b)(3));

   C. The claims of the class representatives are typical of the claims of the Pre-Adverse Action Class Members (Fed. R. Civ. P. 23(a)(3));

   D. The class representatives and Class Counsel will fairly and adequately protect the interests of all of the Pre-Adverse Action Class Members (Fed. R. Civ. P. 23(a)(4)); and

   E. The Court finds that as to this Pre-Adverse Action Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy, and accordingly the requirements for certification of a settlement class under Rule 23(b)(3) are satisfied.

5. If the preliminarily approved settlement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Pre-Adverse Action Settlement Class shall be decertified; the settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be inadmissible and not used to the prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the settlement had not been negotiated, made, or filed with the Court.

6. **The Claims Administrator:** The Court preliminarily appoints American Legal Claims Service, LLC as the Claims Administrator (the "Claims Administrator") to administer the terms of the Settlement Agreement and the notification to Pre-Adverse Action Class Members. Defendant shall compile a Class List and provide it to the Claims Administrator. The cost to print and mail the Class Notices along with other Claims Administrator expenses shall be paid by Lowe's separately from the Maximum Settlement Amount (as defined in the Settlement Agreement), provided, however that uncashed checks to Pre-Adverse Action Class Members shall be first applied to such expenses before any remaining sum is distributed to a *cy pres* beneficiary proposed by the Parties and approved by the Court, described more fully in Section 7.1.2 of the Settlement Agreement. The Claims Administrator will be responsible for mailing the class notice in the form substantially similar to that approved by the Court to the Pre-Adverse Action Class Members.

7. **Notice:** The court approves the form and substance of the written Mail Notice, attached to the Settlement Agreement as Exhibit B. The proposed form and method for notifying the Pre-Adverse Action Class Members of the Settlement and its terms and conditions satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice is clearly designed to advise the Pre-Adverse Action Class Members of their rights. In accordance with the Settlement, the Class Administrator shall cause the completed notices to be mailed to the Pre-Adverse Action Class Members as expeditiously as possible, but no later than **August 12, 2016**.

8. **Opt-Outs and Objections:** Pre-Adverse Action Class Members shall be given the opportunity to object to or opt out of the Settlement. All objections to the Settlement and requests to be excluded from the Settlement must be in writing, filed with the Court, and served on

Class Counsel and Defendant's Counsel at the addresses provided in the Mail Notice so they are received by Class Counsel and Defendant's Counsel no later than **October 10, 2016**. Any objections to any request for Attorneys' Fees must be supplemented no more than seven (7) days after Class Counsel files a motion requesting Attorneys' Fees. Any written objection to the Settlement must indicate whether the Pre-Adverse Action Class Member, or his or her counsel, intends to appear at the Final Fairness Hearing. If any such lawyer does intend to appear at the Final Fairness Hearing, he or she must enter a written Notice of Appearance of Counsel with the Clerk of the Court, which includes the full caption and case number of each previous class action case in which that counsel has represented an objector. Such Notice of Appearance of Counsel shall be filed no later than **October 24, 2016**.

9. **<u>Final Fairness Filings</u>**: Submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, and any submission in support of a request for an award of attorneys' fees and costs, shall be filed with the Court no later than **October 17, 2016**.

10. **<u>Final Fairness Hearing:</u>** The Court shall conduct a Final Fairness Hearing on **October 31, 2016**, at the Federal Courthouse located at 200 West Broad Street, Statesville, North Carolina 28677, commencing at **3:00 p.m.**, to review and rule upon the following issues:

    A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Pre-Adverse Action Class Members and should be approved by the Court;

    C. Whether the Final Approval Order, as provided under the Settlement, should be entered, dismissing the Pre-Adverse Action Claim with prejudice and releasing the claims against the Released Parties; and

    D. To discuss and review other issues as the Court deems appropriate.

Attendance at the Final Fairness Hearing is not necessary. Pre-Adverse Action Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Pre-Adverse Action Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The hearing may be postponed, adjourned, transferred, or continued without further notice to the Pre-Adverse Action Class Members.

11. **Continuing Jurisdiction**. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement.

12. **Use of Order**. This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by the Released Parties. The Released Parties specifically deny any liability or wrongdoing. Plaintiffs specifically believe they would have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation. Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Released Parties to class certification in the event that the Settlement Agreement is terminated or not given final approval.

**IT IS, THEREFORE, ORDERED THAT:**

(1)     The Motion is **GRANTED** (Doc. No. 124); and

(2)     This matter will come before the Court for a Final Fairness Hearing on **October 31, 2016** at **3:00 p.m.** at the Statesville Courthouse.

**SO ORDERED.**

Signed: July 15, 2016

Richard L. Voorhees
United States District Judge