IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:13CV79-RLV

| | |
|---|---|
| JASON DAVID BROWN, § <br> LASZLO BOZSO, and § <br> MERIS DUDZIC, § <br> individually and on behalf § <br> of all others similarly situated, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> LOWE'S COMPANIES, INC., and § <br> FIRST ADVANTAGE BACKGROUND § <br> SERVICES CORP. f/k/a § <br> LEXISNEXIS SCREENING § <br> SOLUTIONS, INC. § <br> § <br> Defendants. § | **Jury Trial Demanded** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE DEFENDANT'S UNTIMELY PRIVILEGE LOG**

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiffs Jason Brown and Laszlo Bozso have moved the Court to strike portions of the privilege log served by Defendant, First Advantage Background Services Corp. For the reasons set forth below, the Court should grant the Motion.

**I.      CASE BACKGROUND.**

To avoid redundancy, Plaintiffs incorporate by reference the case and factual background set forth in their previously filed Memorandum In Support of Motion to Compel Discovery Responses. (Doc. 148.)

## II.     ARGUMENT AND AUTHORITIES.

A.     **Asserting Privilege Claims Generally.**

Federal Rule of Civil Procedure 26(b)(5) sets out the requirements of a party seeking to avoid disclosing privileged information:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)     expressly make the claim; and
>
> (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5). The party asserting the privilege bears the burden of demonstrating its applicability. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982).

Although the Rule sets out no timetable for the serving of a privilege log, courts generally hold that the log is due with the responses to discovery to which the privilege is asserted. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) *must accompany a written response to a Rule 34 document production request*, and a failure to do so may constitute a forfeiture of any claims of privilege.") (emphasis added). Parties are therefore not permitted to sit on the log, failing to provide it, to gain a strategic advantage. "Courts have interpreted Rule 26 to require production of a privilege log within a sufficient amount of time after a document request is served in order to preserve the privilege of documents called for in the production." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 106 (D.N.J. 2006). It is well-established that the failure to produce a timely and sufficient privilege log may result in waiver of the privilege. *Wellin v. Wellin*, No. 2:13-cv-1831,

2015 WL 9850704, at *2 (D.S.C. Dec. 4, 2015) (finding three-month delay in production of privilege log insufficient to justify waiver of privilege); *Burlington N. & Santa Fe Ry. Co. v. United States District Court*, 408 F.3d 1142 (9th Cir. 2005) (finding waiver of privilege where log was not filed until five months after the document request); *Get-A-Grip, II, Inc. v. Hornell Brewing Co.*, No. CIV.A. 99-1332, 2000 WL 1201385, at *4 (E.D. Pa. Aug. 8, 2000) (finding waiver where privilege log was approximately two months late); *see Anderson v. Caldwell Cnty. Sheriff's Office*, No. 1:09CV423, 2011 WL 2414140, at *2 (W.D.N.C. June 10, 2011) (citing cases for proposition that failure to timely produce a privilege log may result in waiver of the privilege). A party's failure to timely provide a privilege log also subjects that party to sanctions under Rule 37. *See* FED. R. CIV. P. 26 advisory committee notes, 1993 Amendments ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a ***waiver*** of the privilege or protection.") (emphasis added).

**B.     First Advantage Has Waived Its Right To Privilege Protection For Any Of Its Withheld Materials.**

   **1.     The Privilege Log was served woefully late, resulting in waiver of the privilege.**

As in the other areas of discovery, when withholding discoverable materials based on privilege, a party cannot rely on vague, boilerplate objections. *See Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010) (citing *Barb v. Brown's Buick, Inc.*, No. 1:09CV785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010)). District Courts within the Fourth Circuit further agree that waiver is an appropriate sanction in cases where privileges are asserted with unjustified delay, inexcusable conduct, or bad faith. *Johnson*, 309 F.R.D. at 235 (recognizing that "federal courts have typically found waiver appropriate where unjustified delay, inexcusable conduct, or bad faith are present"); *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2015 WL 5785709, at *12 (D.S.C. July 31, 2015), *report and recommendation adopted as modified*, 2015 WL

5781383 (D.S.C. Sept. 30, 2015); *Smith v. James C. Hormel Sch. of Va. Institute of Autism*, No. 3:08cv00030, 2010 WL 3702528, at *5 (W.D. Va. Sept. 14, 2010). Ultimately, the determination of waiver is made on a case-by-case basis and left to the broad discretion of the Court. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996).

Here, First Advantage served its answers and objections to Plaintiffs' discovery requests on January 30, 2015. In its standard boilerplate fashion, First Advantage objected to the majority of Plaintiffs' interrogatories and requests for production of documents on grounds that the requests "[sought] information protected by the attorney-client privilege, the work product doctrine, or other applicable protections." (*See generally* Ex. 1, Def.'s Resp. to Plt.'s ROGs and RFPs.) Although required to do so, First Advantage produced no privilege log with these original responses. *Mezu*, 269 F.R.D. at 577.

Despite its broad, unabashed assertions of privilege that supplied no specific information, First Advantage did not produce a privilege log with its responses, or even during that calendar year. It was not until May 2, **2016**—over **15 months later**—that First Advantage finally produced a privilege log in response to Plaintiffs' demand that it comply with its Rule 26 obligations.[1] Plaintiffs' counsel even offered to accommodate First Advantage's noncompliance by consenting to a motion to file the privilege log out-of-time, but First Advantage flatly refused. It also offered no justification for its extensive delay, probably because there can be none. The Court should have little difficulty concluding that First Advantage has waived its assertions of privilege due to its unreasonable and indefensible delay in serving a privilege log.

While a shorter period of delay may garner a court's sympathy, First Advantage's **15-month** delay—and subsequent failure to produce a properly detailed privilege log—is entirely

---

[1] The Parties conducted a meet-and-confer conference telephonically on May 2, 2016. First Advantage produced a privilege log later that day.

unjustified. Similar to the sanctioned party in *Burlington*, First Advantage is a "sophisticated corporate litigant" and a "repeat player" in these types of lawsuits. 408 F.3d at 1149. First Advantage is well-aware of its Rule 26 obligations to produce a properly detailed privilege log, and its failure to do so is nothing more than gamesmanship that interferes with Plaintiffs' development of their case. Accordingly, waiver is the appropriate penalty for First Advantage's unjustifiable failure to produce a valid privilege log.

### 2. Even assuming First Advantage's Log was timely, every entry fails to meet the specificity requirements of Rule 26.

First Advantage's untimely privilege log fails to comply with Rule 26. Specifics are required for the log to be deemed proper, as the party seeking to challenge a claim of privilege has only sparse information at its disposal, namely, the description that the opponent provides in the log. *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 252 (E.D. Va. 2012) *enforcement granted in part, denied in part,* No. 3:09CV620, 2012 WL 6562735 (E.D. Va. Dec. 14, 2012). "To be sufficient, the log must set forth specific facts which, taken as true, establish the elements of the privilege for each document for which the privilege is claimed." *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 536 (D. Md. 2011) (citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011)). To satisfy this burden, a privilege log must identify "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." *Id.* (quotations omitted). Failure to provide this information dooms the claim of privilege. *ePlus*, 280 F.R.D. at 252 (finding privilege waived as to log entries that contained no author and recipient information). For a substantial number of withheld documents listed in its privilege log, First Advantage does not come close to satisfying these criteria. (*See, e.g.*, Ex. 2, Def.'s Priv. Log, entries 1, 6–7, 15–17, 20, 24–30, 32–33, 45–48, 52–54, 56, 64, 76, 80, 82–83,

90–91, 94, 89–100, 103, 108, 118, 120, 128–29, 141–49, 152–53, 156–57, 244–52, 255–88, 290–323, 358–64, 371–76, 379–85, 764–69, 784–89, 861, 869.)[2]

Instead, many of the log entries contain nothing more than a date, occasionally the author and a conclusory statement that privilege attaches, which is not enough. *Clark*, 799 F. Supp. 2d at 536; *ePlus*, 280 F.R.D. at 252. For each of these "documents,"[3] then, First Advantage's claim of privilege is invalid. *See Johnson*, 309 F.R.D. at 232 ("A party's conclusory assertion that a document is privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A)."); *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 169 (D. Conn. 2005) ("[B]ecause [defendant] failed to produce a privilege log, and consequently failed to perfect its claim of privilege, the court finds that the privilege, if it ever existed vis-à-vis the documents at issue, has been waived and all responsive documents must be produced."). Improper assertion of privilege is grounds for a finding of waiver. *Cappetta v. GC Servs. Ltd. P'ship*, No. CIV. A. 3:08CV288, 2008 WL 5377934, at *4 (E.D. Va. Dec. 24, 2008).

Moreover, First Advantage's log's descriptions of the reason a privilege attaches are so deficient that they could apply to virtually any communication whatsoever. The entries are no more descriptive than "[a]ttorney-client privileged communication for the purpose of providing legal advice regarding background check project execution." (Ex. 2 at entry 1; *see also* Ex. 3, excerpts from First Advantage's Log indicating other deficient entries.) As courts in this Circuit have repeatedly held:

> Undeniably, the sufficiency of a privilege log's document description may be context driven; nevertheless, "vague and uninformative document descriptions do not satisfy" the standard for privilege log adequacy. This is true for the simple

---

[2] It is of course possible that some of the authors or recipients of emails identified in Defendant's Log are attorneys, but Defendant does so identify anyone.

[3] Defendant identifies many of the documents as "attachments," which may be where they might have been located, but certainly the purpose of the rule is to identify documents by file type, such as PowerPoint presentation, spreadsheet, or the like.

reason that "when a party refuses to produce documents during discovery on the basis that they are privileged or protected, *it has a duty to particularize that claim*." "The focus is on the specific descriptive portion of the log, and not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be 'discharged by mere conclusory or ipse dixit assertions.'"

*Johnson v. Ford Motor Co.*, No. 3:13-CV-06529, 2016 WL 1241538, at *7 (S.D. W. Va. Mar. 28, 2016) (citations omitted). In *Johnson*, the court rejected descriptions of documents that were far more detailed than those given by First Advantage here, as shown in Exhibit 4.[4] This Court should reach the same conclusion, joining the Second and Third Circuits. *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473–74 (2d Cir. 1996) (finding log insufficient where it contained a general claim of attorney-client privilege along with documents' dates, authors, recipients, and "cursory" descriptions, such as "Fax Re: DOL Findings," "Fax: Whistleblower article," or "Letter Re: Customer Orders with comment Re: Five Star Products"); *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 882 (3d Cir. 2002) (concluding privilege log was inadequate where documents descriptions included "various daily log entries," "interoffice emails," or various miscellaneous "notes/correspondence"). The Court should find First Advantage has waived its privilege claims through its inadequate privilege log, and order the documents produced.

### III. CONCLUSION.

For the foregoing reasons, the Court should strike Defendant's Privilege Log and order production of the documents referenced therein.

DATED: July 26, 2016

---

[4] First Advantage will no doubt point out that the *Johnson* court allowed Ford to supplement its descriptions, which that court later found acceptable. The Court should reject such an approach here, as First Advantage had more than a year to get its descriptions correct and failed miserably.

Respectfully submitted,

By: /s/ Leonard A. Bennett
Leonard A. Bennett (N.C. Bar No. 21576)
Craig C. Marchiando (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Brett E. Dressler (N.C. Bar No. 34516)
**SELLERS, AYERS, DORTCH & LYONS, P.A.**
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172

Michael A. Caddell (*pro hac vice*)
Cynthia B. Chapman (*pro hac vice*)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston, TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Matthew A. Dooley (*pro hac vice*)
Anthony R. Pecora (*pro hac vice*)
**O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA, CO. LPA**
5455 Detroit Road
Sheffield Village, OH 44054
Tel: (440) 930-4001
Fax: (440) 934-7208

Ian B. Lyngklip (*pro hac vice*)
**LYNGKLIP & ASSOCIATES CONSUMER LAW
    CENTER, PLC**
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
Telephone: (248) 208-8864
IanLyngklip@Att.Net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court for the Western District of North Carolina, Statesville Division, by using the CM/ECF system. The CM/ECF system sent notice of this filing to the following Counsel of Record:

| | |
|---|---|
| Brent Alan Rosser<br>Hunton & Williams<br>101 South Tryon Street<br>Suite 3500<br>Charlotte, NC 28280<br>704-378-4707<br>Fax: 704-331-5146<br>Email: brosser@hunton.com | C. Knox Withers<br>Henry R. Chalmers<br>Arnall Golden Gregory, LLP<br>171 17th Street NW, Suite 2100<br>Atlanta, GA 30363<br>404-873-8129<br>Fax: 404-873-8130<br>Email: knox.withers@agg.com |
| Kevin James White<br>Robert T. Quackenboss<br>Hunton & Williams LLP<br>2200 Pennsylvania Avenue, N.W.<br>Washington, DC 20037<br>202-955-1886<br>Fax: 202-778-2201<br>Email: kwhite@hunton.com<br><br>***Counsel for Defendant***<br>***Lowe's Companies, Inc.*** | Jeffrey S. Jacobovitz<br>Arnall Golden Gregory, LLP<br>1775 Pennsylvania Avenue, NW, Suite 1000<br>Washington, DC 20006<br>202-677-4056<br>Fax: 202-677-4057<br>Email: jeffrey.jacobovitz@agg.com<br><br>Pearlynn Gilleece Houck<br>Robert Walker Fuller, III<br>Robinson, Bradshaw & Hinson, PA<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>704-377-8396<br>Fax: 704-373-3996<br>Email: phouck@rbh.com<br><br>***Counsel for Defendant***<br>***LexisNexis Screening Solutions, Inc.*** |

                                                        /s/ Leonard A. Bennett
                                                         Leonard A. Bennett (N.C. Bar No. 21576)