IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-00079-RLV-DSC

| | |
|---|---|
| JASON DAVID BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| LOWE'S COMPANIES, INC. AND ) | |
| FIRST ADVANTAGE BACKGROUND ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Compel Discovery Responses" (document # 147) filed July 22, 2016 and the parties' briefs and exhibits (documents ##148, 149, 159 and 161). On September 9, 2016, Defendant First Advantage filed a "Motion for Leave to File a Single Sur-Reply Brief in Opposition to Plaintiffs' Motion to Compel and Motion to Strike Privilege Log" (document #165) and Plaintiffs' filed a brief in opposition (document #166). Plaintiffs seek an order from the Court compelling Defendant to provide substantive responses to their written discovery requests. This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration.

The Court has carefully reviewed the parties' arguments, authorities and the record and finds that Plaintiffs' Motion to Compel should be granted in part and denied in part, as discussed below. The Court denies Defendant's Motion for Leave to File a Single Sur-Reply.

Federal Rule of Civil Procedure 34 governs production of documents and electronically stored information. In pertinent part, the Rule provides:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). For the reasons stated in Plaintiffs' briefs, the Court concludes that Defendant's discovery responses should be organized and labeled to correspond to the categories in the request.

The Court also finds that Phase I discovery only covers the individual Plaintiffs' claims and the threshold requirements for class certification. Other matters, such as details about First Advantage's actions regarding individual putative class members and evidence relevant to willfulness, are reserved until *after* the Court rules on motions for class certification and summary judgment. Therefore, the Court finds that Plaintiffs have exceeded the scope of discovery for Phase I.

Specifically, the Court denies Plaintiffs request to "compel First Advantage to turn over its entire National Criminal File Database." (document #148 at p. 22). The Court finds that Plaintiffs demand for each and every 613 letter exceeds the scope of Phase 1 discovery and denies Plaintiffs' request. Plaintiffs' request for First Advantage's FCRA procedures, policies, training and overall compliance also exceeds the scope of Phase I discovery and is denied.

For the reasons stated in Defendant's response, the Court denies Plaintiffs' Motion to Compel the following Interrogatories: 3, 5, 6, 13, 16, 17 and 19.

For the reasons stated in the Defendant's response, the Court denies Plaintiffs' Motion to Compel the following Requests for Production: 17, 24, 47-48, 49, 66, 75-77.

**THEREFORE IT IS ORDERED** that:

1. "Plaintiffs' Motion to Compel" (document # 147) is **GRANTED IN PART and DENIED IN PART** as stated above. Defendant shall organize and label discovery responses to correspond to the categories in the request. Defendant shall provide its responses within thirty days of this Order.

2. "Defendant's Motion for Leave to File a Single Sur-Reply Brief in Opposition to Plaintiffs' Motion to Compel and Motion to Strike Privilege Log" (document #165) is **DENIED**.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: October 13, 2016

David S. Cayer
United States Magistrate Judge