IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| JASON DAVID BROWN, LASZLO BOZSO, and MERIS DUDZIC, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:13-CV-00079-RLV-DSC (consolidated case number) |
| LOWE'S COMPANIES, INC., and LEXISNEXIS SCREENING SOLUTIONS, INC. | ) ) ) ) | |
| Defendants. | ) ) | |
| APRIL INGRAM-FLEMING, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:15-CV-00018-RLV-DSC |
| LOWE'S HOME CENTERS, LLC, d/b/a LOWE'S, | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

This matter is before the court on a motion for final approval of class action settlement filed by the Plaintiffs, Jason Brown, Laszlo Bozso, and April Ingram-Fleming ("Plaintiffs"), and unopposed by the Defendant, Lowe's Companies, Inc. ("Lowe's" or "Defendant") (jointly referred to as the "Parties").[1] The Parties have submitted a Settlement Agreement and Release ("Settlement

---

[1] All references to "Lowe's" herein are deemed to include both the Defendant Lowe's Companies, Inc. named in the *Brown* case and "Lowe's Home Centers, LLC, d/b/a Lowe's" named in the *Ingram-Fleming* case.

Agreement") that the court has reviewed. The Court finds that the settlement falls within the range of reasonability and should receive final approval.

Upon consideration of Plaintiffs' motion for final approval of class action settlement (Doc. No. 170), the Settlement Agreement filed on May 6, 2016 (Doc. No. 125-1), the exhibits to the Settlement Agreement, as well as all other exhibits, pleadings, submissions and filings in this action, including plaintiffs' unopposed motion for approval of attorneys' fees, costs, and service awards (Doc. No. 171), and the arguments presented to the Court at the final approval hearing held on October 31, 2016, the Court makes the following findings and it is ORDERED that Plaintiffs' motions for final approval of class action settlement and for approval of attorneys' fees and expenses are GRANTED as follows:

1. This Court's Order granting Plaintiffs' motion for preliminary approval of class action settlement (Doc. No. 139), preliminarily certified and ordered that notice of the settlement be directed by the claims administrator to the following class: "All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application to Lowe's, (b) who were the subject of a consumer report which was used by Lowe's or its agent to make an employment decision regarding such person between May 16, 2011 and February 3, 2015, (c) for whom that decision was either a rejection or a delay of the employment, and (d) who were not provided a copy of that consumer report and/or the mandatory disclosures required in 15 U.S.C. § 1681b(b)(3) before that employment decision was adjudicated." Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; and (c) all persons who have previously executed and delivered to Lowe's releases of all their claims or all of their Pre-Adverse Action Settlement Class claims. In addition, the Court finds

that excluded from the settlement class are all individuals who timely exercised their rights under Federal Rule of Civil Procedure 23 to opt out of this settlement.

2. The proposed resolution of this litigation includes the award of benefits for eligible class members including cash payments to qualified settlement class members. Settlement amounts shall be calculated by the Claims Administrator with the review and consent of the Parties and pursuant to the benefit methodology set forth in the Settlement Agreement. Settlement awards in the form of checks will be mailed by the Claims Administrator to eligible class members.

3. For purposes of settlement only, final certification of the class defined above in Paragraph 1 is granted and the Court makes the following findings pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

   a. The settlement class consists of thousands of individuals, and joinder of all members is impracticable;

   b. There exist questions of fact and law common to the settlement class members;

   c. The claims of the named plaintiffs are typical of the claims of the settlement class members;

   d. The named plaintiffs and class counsel will fairly and adequately protect the interests of the settlement class;

   e. The questions of law or fact that are common to settlement class members, and which are relevant for settlement purposes, predominate over questions affecting only individual settlement class members; and

   f. Resolution of this litigation in the manner proposed by the Parties' Settlement Agreement is superior to other available methods for a fair and efficient adjudication of this litigation.

4. Settlement class members were provided with notice of the settlement in the manner and form set forth in the Settlement Agreement, as reflected in the submissions by Class Counsel and the Claims Administrator. Notice was also provided to pertinent state and federal officials. The notice plan was reasonably calculated to give actual notice to settlement class

members of their right to receive benefits from the settlement or to be excluded from the settlement or object to the settlement. The notice plan met the requirements of Rule 23 and due process.

5. The settlement is entitled to an initial presumption of fairness. It was reached following meaningful litigation, discovery, investigation, mediation and negotiation conducted by class counsel. The settlement is the result of adversarial, arm's-length negotiations between the parties and the terms and conditions of the settlement are fair, adequate and reasonable when balanced against the risks of further litigation on the released claims. At the time the settlement was negotiated, counsels were reasonably able to evaluate their respective positions. The settlement will avoid substantial additional costs to all parties as well as the delay and risks that would be presented by further prosecution of this litigation.

6. The Court finds that the settlement is fair, reasonable and adequate. Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the Settlement Agreement is finally approved and shall be consummated in accordance with its terms.

7. In reaching this conclusion, the Court considered, *inter alia*, the following: evidence regarding plaintiffs' case; the complexity, expense and likely duration of further litigation on the released claims; the stage of the proceedings including the extent of investigation and discovery completed; the risks of establishing liability, proving damages and maintaining the class action through a trial; and the range of reasonableness of the settlement in light of the best possible recovery and the attendant risks of litigation.

8. The Court also considered the reaction of the class to the settlement, including written objections to the settlement. The Court finds that the objections are without merit and overrules the objections.

9. The Court also considered valid requests for exclusion from the settlement

4

submitted by the settlement class members and identified in Exhibit B to the Declaration of Steve Platt of American Legal Claims Service, filed as part of the final approval motion on October 17, 2016 (Doc. No. 170-2.) The Court hereby grants their requests for exclusion. Their rights shall not be affected by the settlement and they shall not receive any of the benefits of the settlement.

10. Upon entry of this Order, the settlement class members, except for those who returned valid requests for exclusion, shall be bound by the terms set forth in the Settlement Agreement. They shall be deemed to have released their claims as set forth in the Settlement Agreement.

11. The Court finally approves the method of allocation and distribution of the settlement fund set forth in the Settlement Agreement, which includes provisions for the payment of Claims Administrator expenses, dissemination of class notice, distribution of check awards to eligible class members, as well as the awarding of attorneys' fees and costs, and incentive fees to the named Plaintiffs, all as approved by the Court.

12. The Court finally appoints Caddell & Chapman, Consumer Litigation Associates, P.C., O'Toole, McLaughlin, Dooley & Pecora, Co., LPA, Lyngklip & Associates Consumer Law Center, PLC, Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., Wenzel, Fenton, Cabassa, P.A., and Wallace & Graham, P.A. as class counsel for the settlement class.

13. With respect to Plaintiffs' motion for approval of attorneys' fees and expenses (Doc. No. 171), the Court finds that this case warrants the requested award of attorneys' fees and costs to class counsel in the amount of $752,540, constituting one-third of the Maximum Settlement Amount as described in the Settlement Agreement. This amount is reasonable in light of the results obtained, is consistent with Fourth Circuit precedent and the practice of this Court, and is confirmed as reasonable with a lodestar cross-check that falls in line with fees approved in

other cases in this District and Circuit.

14. The Court finally appoints Plaintiffs Jason Brown, Laszlo Bozso, and April Ingram-Fleming as the class representatives. The Court grants Plaintiffs' request for service awards from the settlement fund in the amount of $5,000 to each of the class representatives and finds that these service awards are fair and reasonable.

15. The Court finally appoints American Legal Claim Services as the claims administrator to perform the duties assigned to them in the Settlement Agreement. Further, the Court approves payments to the claims administrator for the costs of notice and claims administration, including the claims administrator's own fees. As provided for in § 7.1.2 and 8.3 of the Settlement Agreement, the Court approves the application of any uncashed settlement checks issued pursuant to this Order to Lowe's costs of notice and administration.

16. Under Fed. R. Civ. P. 54(b), the Court enters final judgment on and dismisses with prejudice all claims asserted by Plaintiffs and the settlement class that are released pursuant to §§ 9.1 and 1.31 of the Settlement Agreement, including all claims against Lowe's pursuant to § 1681b(b)(3) of the federal Fair Credit Reporting Act ("FCRA") and FCRA state equivalents. As stated in the Settlement Agreement, the release does not include First Advantage Corporation or LexisNexis Screening Solutions, Inc. and does not include any claim brought as to any Defendant under 15 U.S.C. § 1681b(b)(2). Further, the Court rules that this final judgment shall not bind any settlement class members who timely opted out. All claims not dismissed herein are preserved and shall remain pending. The Clerk of the Court is ordered to enter this final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to all claims against Defendant Lowe's pursuant to § 1681b(b)(3) of the federal Fair Credit Reporting ("FCRA") and FCRA state equivalents.

17. Neither this order, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with them shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Lowe's, or the truth of any of the claims or allegations contained in the Complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by any party, wither in this litigation or in any other action or proceeding, nor shall the Settlement Agreement be used or referred to in any subsequent motion for class certification made by any party to this litigation.

18. In the event the settlement does not become final in accordance with its terms, this order shall be rendered null and void, shall be vacated, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. Without in any way affecting the finality of this order and final judgment as to the Parties with regard to the settled claims, the Court retains and reserves jurisdiction over the litigation and the parties to the settlement to enter any future orders as may be necessary for the implementation, enforcement, construction and interpretation of the Settlement Agreement as to the settled claims, and retains jurisdiction over the pending claims that have not been dismissed herein.

It is so ORDERED, this 1st day of November, 2016.

Signed: November 1, 2016

Richard L. Voorhees
United States District Judge